IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAFAEL MATEOS-SANDOVAL
and SIMEON AVENDANDO RUIZ,

Plaintiffs,

v.

COUNTY OF SONOMA, et al.,

Defendants.

NO. C11-5817 TEH

ORDER DENYING COUNTY DEFENDANTS' MOTION TO RECONSIDER AND MOTION FOR CLARIFICATION

This matter comes before the Court on motions for reconsideration and clarification of the Court's December 6, 2012, Order Granting in Part and Denying in Part Motions to Dismiss ("December 6 Order") brought by Defendants County of Sonoma, the Sonoma County Sheriff's Office, and Sheriff-Coroner Steve Freitas (collectively, "County Defendants"). Having considered the parties' papers and the documents attached thereto, and their oral arguments at the January 28, 2013, hearing, the Court DENIES both motions.[1] However, the Court, on its own accord, withdraws the December 6 Order and issues an amended order in its place.

**A. Motion to Reconsider**

County Defendants' motion is based on the broad, inherent authority of a district court to modify, alter, or revoke its interlocutory orders over which it retains jurisdiction. *See City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 889 (9th Cir. 2001). County Defendants also cite to Federal Rule of Civil Procedure 60(a) as a basis for their motion. But since the aspects of the December 6 Order that County Defendants request the Court to reconsider are not appealable, Rule 60(a) is inapplicable. *Balla v. Idaho State Bd. of*

---

[1] The Court GRANTS County Defendants' unopposed request for judicial notice in support of its motion to reconsider. *See* Request (Docket No. 63).

1 *Corrections*, 869 F.2d 461, 466-67 (9th Cir. 1980). The Court instead construes County
2 Defendants' motion as being brought under Rule 54(b), which permits a district court to
3 revise an interlocutory order "which adjudicates fewer than all the claims . . . at any time
4 before entry of judgment adjudicating all of the claims." Regardless of the rule under which
5 they are brought, motions to reconsider are generally disfavored, and are not granted absent a
6 change in the law, newly discovered evidence, or manifest error or injustice. *See School*
7 *Dist. No. 1J v. ACand S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). This Court granted County
8 Defendants leave to file the present motion in order to afford them an opportunity to
9 demonstrate, through an examination of legislative history and statutory context, that the
10 Court committed manifest error in denying their motion to dismiss with respect to Mateos-
11 Sandoval's Fourth Amendment unlawful seizure claim.

12 In their motion to dismiss, County Defendants argued that Mateos-Sandoval had not
13 stated a claim for relief under the Fourth Amendment because: (1) his truck was properly
14 impounded under section 14602.6(a) as a penalty for his unlicensed driving; and (2) the
15 impoundment was justified under the community caretaking doctrine. The Court rejected
16 both of these arguments in its December 6 Order. County Defendants now seek
17 reconsideration of the Court's ruling on their first argument – that they properly impounded
18 Mateos-Sandoval's truck under section 14602.6.[2]

19 Section 14602.6(a) provides, in pertinent part, that

> [w]henever a peace officer determines that a person was driving a vehicle . . . without ever having been issued a driver's license . . . the peace officer may either immediately arrest that person and cause the removal and seizure of that vehicle or, if the vehicle is involved in a traffic collision, cause the removal and seizure of the vehicle without the necessity of arresting the person.

24 In its December 6 Order, the Court held that section 14602.6(a) did not authorize the
25 impoundment of Mateos-Sandoval's truck because, taking the facts alleged in the complaint
26 in the light most favorable to Mateos-Sandoval, he had been issued a driver's license, he was

---

28 [2]At oral argument, County Defendants clarified that they do not seek reconsideration of the Court's ruling on their community caretaking argument.

2

not arrested, and his vehicle had not been involved in a collision. County Defendants take issue with the Court's conclusion that Plaintiffs' allegations that Mateos-Sandoval had been issued a driver's license in Mexico and that he had not been arrested were sufficient to demonstrate that section 14602.6 did not authorize the impoundment of his truck.

County Defendants acknowledge that, on its face, section 14602.6(a) does not authorize the impoundment of vehicles driven by individuals who have been issued driver's licenses by jurisdictions other than California. They argue, however, that not interpreting section 14602.6(a) to authorize the impoundment of vehicles driven by such individuals subverts the Legislature's intent, which, they contend, is manifest upon consideration of a more complete legislative history than that referenced by the Court in its December 6 Order. In support of their motion to reconsider, County Defendants have submitted hundreds of pages of documentation pertaining to the legislative history of section 14602.6(a). But in this extensive submission, County Defendants have not identified, and the Court has not found, a single mention of the Legislature's reasons for including individuals who have never "been issued a driver's license" among those subject to section 14602.6(a). Neither in the legislative history of SB 1758, by which section 14602.6(a) was enacted in 1994, nor AB 360, the 2001 bill amending the section to add the word "driver's" contains any specific discussion of the reasons for authorizing the impoundment for thirty days of vehicles driven by individuals who have never been licensed to drive, much less any discussion of drivers who have been licensed in foreign jurisdictions. At oral argument, County Defendants confirmed that they had not identified a single document in the legislative history of section 14602.6(a) specifying that the provision was intended to authorize the impoundment for thirty days of vehicles driven by individuals who had been issued driver's licenses by foreign jurisdictions. Upon its own examination of the legislative history of section 14602.6(a), the Court has found no document demonstrating that interpreting the provision to give effect to its plain meaning constitutes manifest error.

County Defendants have, however, pointed out two errors or omissions in the Court's discussion of the legislative history of section 14602.6 in the December 6 Order. These

3

1 relate to: (1) the fact, unrecognized by the Court, that the word "driver's" was added to
2 14602.6(a) in 2001 by AB 360; and (2) the timing of the addition of the phrase "or without
3 ever having been issued a license" into the proposed language of section 14602.6 during the
4 legislature's consideration of SB 1758. The Court has corrected these deficiencies in its
5 amended order on Defendants' motion to dismiss.

6 The Court next turns to County Defendants' contention that Mateos-Sandoval was, in
7 fact, arrested. County Defendants make several arguments in support of this contention, the
8 cumulative thrust of which is that the fact of Mateos-Sandoval's conviction for driving
9 without a valid California driver's license under Vehicle Code § 12500 is sufficient to
10 establish that he was "arrested" for purposes of section 14602.6(a).[3] County Defendants'
11 motion raises complex questions about the interpretation of state law with potentially far-
12 reaching implications. Because it is not necessary to rule on these questions in order to
13 determine whether Plaintiffs have stated a Fourth Amendment claim, the Court has removed
14 from the amended order the portion of the December 6 Order that held that section
15 14602.6(a) did not authorize the impoundment of Mateos-Sandoval's vehicle because he was
16 not arrested.

18 **B. Motion for Clarification**

19 In their motion for clarification, County Defendants ask the Court to decide two issues
20 on which the Court did not rule in the December 6 Order: (1) "whether the community
21 caretaking doctrine applies to vehicle impounds properly effectuated under § 14602.6;" and
22 (2) "whether the community caretaking doctrine applies to the continued retention of
23 impounded vehicles for 30 days under Vehicle Code § 14602.6." Mot. at 9-10 (Docket No.
24 55.) Because the Court has concluded that, based on Plaintiffs' allegations, the
25 impoundment of Mateos-Sandoval's vehicle was not authorized by section 14602.6, it is not

---

[3] Although Plaintiffs did not allege that Mateos-Sandoval was convicted of violating section 12500, the Court has granted County Defendants' unopposed request for judicial notice of the record of his conviction.

4

necessary to determine whether the community caretaking doctrine applies to impoundments that are authorized by section 14602.6. Similarly, since the Court has held that section 14602.6 did not authorize the impoundment of Mateos-Sandoval's truck, it need not decide whether County Defendants' retention of the truck for thirty days, as opposed to the initial seizure, had to be justified on community caretaking grounds. The Court may not issue an opinion on the issues on which County Defendants now seek clarification, since any such opinion wold be purely advisory in nature. *See Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("[T]he oldest and most consistent thread in the federal law of justiciablity is that the federal courts will not give advisory opinions." (internal quotation marks and citation omitted)). Accordingly, County Defendants' motion for clarification is denied.

## C. Conclusion

For the foregoing reasons, County Defendants' motion for reconsideration and motion for clarification are hereby DENIED. Because the Court has determined that the December 6 Order should be amended, that order is hereby WITHDRAWN. Attached as Exhibit A to this Order is an amended order granting in part and denying in part Defendants' Motions to Dismiss. The amended order directs Plaintiffs to file any amended complaint **on or before March 4, 2013.**

**IT IS SO ORDERED.**

Dated: 01/31/2013

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT