IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RAFAEL MATEOS-SANDOVAL
and SIMEON AVENDANDO RUIZ,

Plaintiffs,

v.

COUNTY OF SONOMA, et al.,

Defendants.

NO. C11-5817 TEH

ORDER DENYING MOTION TO
CERTIFY APPEAL AS
FRIVOLOUS

Defendants County of Sonoma, Sonoma County Sheriff's Office, and Sheriff Steve Freitas (collectively, "County Defendants") have filed an interlocutory appeal of the portion of the Court's January 31, 2013, order denying their defense that they are "arms of the state," and as such are entitled to sovereign immunity with respect to Plaintiffs' claims under 42 U.S.C. § 1983. Plaintiffs now request that the Court certify County Defendants' appeal as frivolous and permit their § 1983 claims against County Defendants to proceed while the appeal of the immunity ruling is pending. For the reasons given below, the Court DENIES Plaintiffs' motion.

Government officials and entities that claim to be arms of the state "may take advantage of the collateral order doctrine to appeal a district court order denying a claim of Eleventh Amendment immunity." *Puerto Rico Aqueduct & Sewer Auth.* v. *Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993). The filing of an interlocutory appeal on immunity grounds "divests the district court of jurisdiction to proceed with trial," unless the district court certifies in writing that the claim of immunity has been waived or is frivolous. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). The purpose of the divestiture of jurisdiction rule is "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984).

Therefore, a trial court is divested of jurisdiction over the particular issues involved in the appeal, *City of Los Angeles*, *Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001), but retains jurisdiction over "aspects of the case that are not the subject of the appeal," *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002).[1]

  A district court may certify an interlocutory appeal as frivolous if it is "so baseless that it does not invoke appellate jurisdiction." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (internal quotation marks and citation omitted). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (per curiam) (internal quotation marks and citation omitted). When the appellant raises only questions of law, the appeal is frivolous if "none of the legal points are arguable on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (internal quotation marks, citation, and alterations omitted). An appeal making a good-faith argument for modification or reversal of existing law is not frivolous. *See In re Girardi*, 611 F.3d 1027, 1035 (9th Cir. 2010).

  In ruling on Freitas's claim of sovereign immunity in this case, the Court noted the split in authority between the California Supreme Court and the Ninth Circuit on the question whether a California county sheriff acts as an arm of the state when setting policy with respect to arrests and crime investigations. *Mateos-Sandoval v. County of Sonoma*, __ F. Supp. 2d__, 2013 WL 415600, at *6 (N.D. Cal. Jan. 31, 2013). Because the determination whether an official is entitled to sovereign immunity is a question of federal law, the Court followed the Ninth Circuit's decision in *Brewster v. Shasta County*, 275 F.3d 805 (9th Cir. 2001), which held that a county sheriff functions as a county official and not as an arm of the state when setting policy with respect to arrests and crime investigations. *Id.* at 805 & 812. The Court concluded that the California Supreme Court's decision in *Venegas v. County of*

---

[1] The parties agree that the appeal, and concomitant stay, do not affect Plaintiffs' state law claims, Plaintiffs' claims against Sheriff Freitas in his personal capacity, or Plaintiffs' claims against the City of Santa Rosa, the Santa Rosa Police Department, and the Santa Rosa Police Chief. Proceedings related to these claims may move forward in this Court pending resolution of the appeal.

2

*Los Angeles*, 32 Cal. 4th 820 (2004), which expressly rejected the Ninth Circuit's reasoning in *Brewster*, "does not provide a basis upon which this Court may reach a conclusion that is contrary to the Ninth Circuit's holding." *Mateos-Sandoval*, 2013 WL 415600, at *7. The Court reasoned that:

> The Ninth Circuit, sitting *en banc*, recently re-affirmed the rule that a published decision of a Ninth Circuit panel must be followed by panels and district courts within the Circuit "unless and until overruled by a body competent to do so." *Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (en banc); *see also Streit* [*v. County of Los Angeles*, 236 F.3d 552, 563 (9th Cir. 2001)]. This Court lacks that particular competence, and therefore denies the motion to dismiss Plaintiffs' official-capacity claims against Sheriff Freitas.

*Id.* Although the Ninth Circuit's holding in *Brewster* is binding on Ninth Circuit panels and district courts, *see Gonzalez*, 677 F.3d at 390 n.4, County Defendants may, on appeal, make a good faith argument that *Brewster* should be modified or reversed by an en banc panel of the Ninth Circuit or by the United States Supreme Court. County Defendants' appeal therefore is not frivolous. *See Girardi*, 611 F.3d at 1035.

Plaintiffs argue that even if the Court declines to certify the appeal as frivolous, the stay pending appeal should not apply to their claims against the Sheriff's Department. Should County Defendants succeed on appeal, the sovereign immunity defense would shield the County and its political subdivision, the Sheriff's Department, from liability to the same extent that it would shield Sheriff Freitas in his official capacity. *See Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988) (sovereign immunity barred official-capacity claim against prison officials and claim against department of corrections); *Venegas*, 32 Cal. 4th at 828-39 (sovereign immunity barred official-capacity claim against sheriff and claims against sheriff's department and county). The stay therefore applies to Plaintiffs' section 1983 claims against the Sheriff's Department.

For these reasons, the Court hereby DENIES Plaintiffs' motion to certify County Defendants' appeal as frivolous. Pending the disposition of County Defendants' appeal to the Ninth Circuit, proceedings are STAYED with respect to Plaintiffs' section 1983 claims against the County of Sonoma, the Sonoma County Sheriff's Department, and Sheriff Steve

3

Freitas in his official capacity. The parties shall file a joint status statement no later than 14 days after the mandate issues on the Ninth Circuit's disposition.

**IT IS SO ORDERED.**

Dated: 4/10/2013

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT