IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MATEOS-SANDOVAL and SIMEON AVENDANO RUIZ, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SONOMA, et al., <br><br> Defendants. | NO. C11-5817 TEH <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS FIRST AMENDED COMPLAINT |

Pending before the Court are two motions to dismiss, one by the County of Sonoma, the Sonoma County Sheriff's Department, and Sheriff Steve Freitas (collectively, "County Defendants"), and the other by the City of Santa Rosa, the Santa Rosa Police Department, and Police Chief Tom Schwedhelm (collectively, "City Defendants"). Each motion requests dismissal of some of the claims in Plaintiffs' First Amended Complaint. Having carefully considered the parties' papers, the Court finds that oral argument is unnecessary and VACATES the hearing and case management conference calendared for July 29, 2013. For the reasons given below, each motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

This is a case brought under 42 U.S.C. § 1983 and Section 52.1 of the California Civil Code, in which Plaintiffs Rafael Mateos-Sandoval and Simeon Avendano Ruiz challenge various aspects of Defendants' enforcement of California Vehicle Code § 14602.6. Section 14602.6(a)(1) authorizes the impound of a vehicle for thirty days under limited circumstances, which include "[w]henever a peace officer determines that a person was driving a vehicle . . . without ever having been issued a driver's license."[1] The following

---

[1] Section 14602.6(a)(1) provides, in full:

Whenever a peace officer determines that a person was driving a vehicle

facts are taken from Plaintiffs' First Amended Complaint and the documents that are incorporated by reference into it.

**A.  Avendano Ruiz**

Plaintiff Simeon Avendano Ruiz alleges that on or about September 1, 2011, he was driving his Chevy Silverado pickup truck when he was stopped at a checkpoint by Santa Rosa Police Department ("SRPD") officers. Without asking Avendano Ruiz whether he had ever been licensed to drive in any jurisdiction, the officers ordered the impoundment of his truck under § 14602.6. Avendano Ruiz had, in fact, been issued a Mexican driver's license and alleges that he would have produced that license had the SRPD officers asked him to do so.

On or about September 6, 2011, Avendano Ruiz informed SRPD through his attorney that he had a valid Mexican driver's license and requested that SRPD release his truck. SRPD refused on the ground that § 14602.6, as interpreted by SRPD, mandated that his truck be impounded for thirty days.

Avendano Ruiz received a CHP form 180 in the mail, which informed him: "[u]nder the provisions of Section 22852 VC, you have the right to a hearing to determine the validity of this storage. . . . The vehicle storage hearing is an informal process to determine whether or not a vehicle was lawfully stored." (Document No. 79, Exh. A.)

Avendano Ruiz alleges that at all times while his truck was impounded, he was ready and able to pay the storage fee and have a person with a California driver's license drive his truck away from the storage yard. However, Defendants prevented him from doing so based

> while his or her driving privilege was suspended or revoked, driving a vehicle while his or her driving privilege is restricted pursuant to Section 13352 or 23575 and the vehicle is not equipped with a functioning, certified interlock device, or driving a vehicle without ever having been issued a driver's license, the peace officer may either immediately arrest that person and cause the removal and seizure of that vehicle or, if the vehicle is involved in a traffic collision, cause the removal and seizure of the vehicle without the necessity of arresting the person. . . . A vehicle so impounded shall be impounded for 30 days.

2

on their policy of treating individuals with Mexican drivers licenses as individuals who have never been issued a driver's license for purposes of § 14602.6.

Avendano Ruiz took possession of his truck after the expiration of the 30-day impoundment period by paying the accrued storage fees and an administrative fee.

### B.  Mateos-Sandoval

Plaintiffs allege that, on January 27, 2011, Mateos-Sandoval was driving his GMC Sierra pickup truck on Santa Rosa Avenue when Sonoma County Sheriff's Department ("SCSD") Deputy Smith pulled him over. He stopped his truck at a safe and legal location by the street curb in front of a credit union parking lot. The truck was not blocking traffic.

Deputy Smith informed Mateos-Sandoval that his truck's trailer hitch was blocking its license plate and asked to see his driver's license. When Mateos-Sandoval responded that he had a driver's license from Mexico, the deputy ordered the impoundment of Mateos-Sandoval's truck under § 14602.6, and called for a tow truck.

While the deputy and Mateos-Sandoval were still at the scene of the traffic stop waiting for the tow truck, his friend Oralia Ortiz Sanchez arrived. Ortiz Sanchez told the deputy that she had a California driver's license, and Mateos-Sandoval and Ortiz Sanchez asked the deputy to permit her to drive the truck away. The deputy denied their request. The tow truck arrived and removed Mateos-Sandoval's truck.

On January 28, 2011– the day after his truck was impounded – and again on January 31, 2011, Mateos Sandoval went to the SCSD office, where he requested a hearing. On both occasions, SCSD personnel informed him that he was not eligible for a hearing and refused to schedule one.

Thereafter, Mateos-Sandoval received by mail a CHP form 180 informing him of the availability of a hearing to contest his truck's impoundment. On February 1, 2011, and February 3, 2011, SCSD informed Mateos-Sandoval in writing that his vehicle would remain impounded under Section 14602.6, even though he had a Mexican driver's license.

Mateos-Sandoval alleges that at all times during the 30-day impound period he was ready and able to pay the storage charges and provide a licensed California driver to drive his

3

truck away from the storage yard. As a result of the impoundment, Mateos-Sandoval was denied the use of his truck for over thirty days.

**C. Procedural History**

Plaintiffs filed their original complaint on December 2, 2011. Both sets of Defendants moved to dismiss, and in an order dated January 31, 2013, the Court granted in part and denied in part each motion. *See Mateos-Sandoval v. County of Sonoma*, __ F.Supp. 2d ___, 2013 WL 415600, at *19 (N.D. Cal., Jan. 31, 2013). County Defendants filed an interlocutory appeal of the portion of the Court's January 31, 2013, order that rejected their defense of sovereign immunity. The appeal remains pending, and the § 1983 claims against the County of Sonoma, the SCSD, and Sheriff Freitas in his official capacity are stayed pending the outcome of the appeal. Plaintiffs' claims against Freitas in his personal capacity are not subject to the stay, and the stay does not apply to any claims against City Defendants.

The present motions address Plaintiffs' claims against Freitas and Schwedhelm in their personal capacities, their Third Claim against all City Defendants, and their claims against County Defendants under section 52.1 of the California Civil Code.

**LEGAL STANDARD**

Defendants move to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), for failure "to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement" showing "the grounds for the court's jurisdiction" and "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A claim will survive a Rule 12(b)(6) motion if the complaint's "non-conclusory factual content, and reasonable inferences from that content" plausibly suggest that the plaintiff is entitled to the requested relief. *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, "to be

4

1  entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the
2  elements of a cause of action, but must contain sufficient allegations of underlying facts to
3  give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*,
4  652 F.3d 1202, 1216 (9th Cir. 2011). Additionally, "the factual allegations that are taken as
5  true must plausibly suggest an entitlement to relief, such that it is not unfair to require the
6  opposing party to be subjected to the expense of discovery and continued litigation." *Id.*
7  Unless amendment would be futile, leave to amend should be freely granted. Fed. R.
8  Civ. P. 15(a)(2).

## DISCUSSION

The Court will first address Plaintiffs' claims against Freitas and Schwedhelm in their personal capacities. Second, it will turn to City Defendants' request to dismiss Plaintiffs' third claim. Finally, it will discuss County Defendants' arguments for dismissal of Mateos-Sandoval's claims under section 52.1 of the California Civil Code.[2]

### A. Personal Capacity Claims Against Individual Defendants

County Defendants move to dismiss Plaintiffs' personal-capacity claims against Freitas, and City Defendants move to dismiss Plaintiffs' personal-capacity claims against Schwedhelm, arguing that the claims in the First Amended Complaint are inadequately pled.

To state a personal-capacity claim under Section 1983, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the constitution." *Hydrick v. Hunter*, 669 F.3d 937, 940 (2012) (internal quotation

---

[2] Defendants also ask the Court to strike from the complaint (1) any claims by Mateos-Sandoval against City Defendants and any claims by Avendano Ruiz against County Defendants; (2) any Takings Clause claim; and (3) any claim for injunctive relief. The Court construes these requests as made pursuant to Rule 12(b)(6). *See* 5C Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1380 (3d ed.) (observing that while Rule 12(f) "is neither an authorized nor a proper way to procure the dismissal of all or part of a complaint," a court may treat "a motion that has been inaccurately denominated a motion to strike as a motion to dismiss the complaint"); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010). Plaintiffs do not oppose the request; they state only that they did not intend to re-plead any of these claims in the First Amended Complaint. Accordingly, as to these claims, Defendants' motions will be GRANTED as unopposed and the claims, to the extent they have been pled, will be DISMISSED WITH PREJUDICE.

5

marks and citation omitted). Supervisors may be held personally liable under § 1983 for their "own culpable action or inaction in the training, supervision, or control of [] subordinates," "acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Starr*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (internal quotation marks and citation omitted).

Plaintiffs do not offer any argument in opposition to Defendants' requests to dismiss their procedural due process claims (counts three and four) as against Freitas and Schwedhelm in their personal capacities, and the First Amended Complaint contains no allegations supporting these claims. Therefore, these claims are DISMISSED.

Counts one and two are Fourth Amendment claims based on the impoundments of Plaintiffs' trucks. The impoundment of a vehicle is a Fourth Amendment seizure and therefore must be reasonable. *Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005). A warrantless seizure is only reasonable if an exception to the warrant requirement applies. *Untied States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). Under the community caretaking exception, police may impound a vehicle without a warrant if "necessary to ensure that the location or operation of vehicles does not jeopardize public safety." *Miranda*, 429 F.3d at 864. For the purposes of the present motions, Defendants do not contest Plaintiffs' claims that their trucks were impounded in violation of the Fourth Amendment.

With respect to Freitas, Plaintiffs allege that: (1) he is responsible for enforcing SCSD policies on the interpretation and application of Cal. Veh. Code § 14602.6, (2) he approved of the impoundment of Mateos-Sandoval's vehicle under § 14602.6, and (3) he "has refused and continues to refuse to change or modify Sonoma County and Sheriff's Department policy or practice so as to prevent the wrongful vehicle seizures and 30 day impoundment like that of Mr. Sandoval's vehicle." (Document 78, ¶¶ 9, 62.) Attached to the complaint, and incorporated into it, is a letter to Mateos-Sandoval's counsel from Sonoma County Counsel dated July 15, 2011 – six months after the impoundment of Mateos-Sandoval's vehicle – stating that the SCSD's impoundment policy was "silent on the issue of whether a driver's

6

1  presentation of a current or expired driver's license issued by another state or foreign country
2  to a deputy during a traffic stop is sufficient to preclude a 30-day impound of the vehicle
3  pursuant to § 14602.6," and that the SCSD was "considering additional policy language to
4  address [this silence]." The letter goes on to state that "a failure to present a current or
5  expired driver's license at the time of a traffic stop authorizes a deputy to impound a vehicle
6  under Vehicle Code § 14602.6; no policy revisions are being considered at this time that
7  would alter this practice." (Document 79, Ex. B.)[3]

8  It is reasonable to infer from Plaintiffs' allegations that Mateos-Sandoval's truck was
9  impounded pursuant to the SCSD's custom or practice of interpreting § 14602.6 to permit the
10 seizure and 30-day impoundment of vehicles driven by individuals who had been issued
11 licenses by foreign jurisdictions. Plaintiffs' allegations show that Freitas, as the Sonoma
12 County Sheriff, was personally responsible for the interpretation of § 14602.6 and had the
13 authority change the customs or practices pursuant to which his deputies used § 14602.6 to
14 impound vehicles without respect to whether the section applied, and without considering
15 whether impoundment was justified based on community caretaking concerns. Plaintiffs
16 have therefore stated a personal-capacity claim against Freitas.

17 As to Schwedhelm, Plaintiffs allege that he (1) "is responsible for SRPD policies on
18 the interpretation and/or application of Cal. Veh. Code § 14602.6"; (2) he "personally
19 approved of the SRPD policy of interpreting § 14602.6's 'without ever having been issued a
20 driver's license' to mean *California* license"; and (3) he "refused to change or modify Santa

---

[3] County Defendants move to strike Paragraph 62 of Plaintiffs' complaint and Exhibit B (the letter from County Counsel) under Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with these issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Motions to strike under Rule 12(f) are disfavored "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory or harassing tactic." 5C Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1380 (3d ed.). Because the allegations contained in Paragraph 62 and the contents of the attached letter are, on the whole, material and pertinent to Plaintiffs' claim, and because County Defendants have not shown that any prejudice would result from keeping them in the complaint, Defendants' motion to strike is DENIED.

7

1 Rosa and SRPD policy or practice so as to prevent the wrongful vehicle seizures and 30 day
2 impoundment like that of Mr. Ruiz's vehicle." (Document 78, ¶¶ 11, 70.)

3 These allegations are sufficient to state a claim against Schwedhelm. They show that
4 he approved and implemented a specific policy – interpreting Section 14602.6 as permitting
5 the 30-day impoundment of vehicles driven by individuals who had been issued licenses by
6 jurisdictions outside of California. This policy caused Schwedhelm's officers to impound
7 Avendano Ruiz's vehicle for 30 days without regard to whether the section applied to him,
8 and without consideration of community caretaking concerns.

9 Accordingly, County Defendants' motion to dismiss Plaintiffs' § 1983 unlawful
10 search claim against Freitas in his personal capacity is DENIED, and City Defendants'
11 motion to dismiss Plaintiffs' § 1983 unlawful search claim against Schwedhelm in his
12 personal capacity is likewise DENIED.

### B. Plaintiffs' Third Claim against City Defendants

14 City Defendants move to dismiss the third claim for relief, in which Plaintiffs allege
15 that Defendants violated their due process rights by failing to provide adequate notice of their
16 right to a hearing to contest the continued impoundment, as opposed to the initial seizure, of
17 their vehicles.[4]

18 Plaintiffs allege that the SRPD informed Avendano Ruiz that his vehicle was
19 impounded for 30 days under Section 14602.6 pursuant to SRPD policy of treating
20 individuals with valid driver's licenses issued by the Republic of Mexico as having never
21 been issued driver's licenses. They also allege that he received notice, on CHP form 180, of
22 his right to a hearing to contest the impoundment in accordance with Section 22852 – the
23 right provided to him under Section 14602.6(b). *See* Cal. Veh. Code § 14602.6(b) ("The
24 registered and legal owner of a vehicle that is removed and seized under subdivision (a) or
25 their agents shall be provided the opportunity for a storage hearing to determine the validity

---

[4] The third claim also alleges that Defendants provided constitutionally inadequate process at the storage hearing. Since Plaintiffs do not allege that Avendano Ruiz had a storage hearing, they have failed to state a claim based on the procedures that may or may not have been afforded to him at a storage hearing if he had one.

8

of, or consider any mitigating circumstances attendant to, the storage, in accordance with Section 22852.")

Due Process requires that parties affected by government action be given notice that is "reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullaine v. Central Hannover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Plaintiffs cite to *Gete v. I.N.S.*, 121 F.3d 1285 (9th Cir. 1997) in support of their position that City Defendants' notice to Avendano Ruiz was inadequate. In *Gete*, the court held that Due Process required that the plaintiffs be provided notice of the factual basis for the seizure of their vehicles and the specific statutory provisions they were accused of having violated. *Id*. at 1298. Plaintiffs' reliance on *Gete* is misplaced: their allegations show Avendano Ruiz had notice that his truck was impounded because he did not have a valid California driver's license, and that the impoundment was pursuant to Section 14602.6. This notice was reasonably calculated to inform Avendano Ruiz of why his vehicle was being impounded and how he could contest the impoundment.

Accordingly, Plaintiffs' third claim against City Defendants is DISMISSED WITH PREJUDICE.

**C. Section 52.1**

In addition to bringing their claims under § 1983, Plaintiffs bring all their claims under the Tom Bane Civil Rights Act, which provides for a civil action for damages based on interference "by threats, intimidation, or coercion" with rights secured by the Constitution and laws of California and the federal government. Cal Civ. Code § 52.1(a) & (b).

County Defendants move to dismiss Plaintiffs' claims under Section 52.1, arguing that (1) they are entitled to various statutory immunities; and (2) Plaintiffs have not pled facts showing that the constitutional violations alleged were accomplished by "threats, intimidation, or coercion." Alternatively, they request that discovery on Plaintiffs' section 52.1 claims against them be stayed pending the outcome of their appeal.

1. Immunities

9

Under California law, public entities, including local governments, are vicariously liable for injuries caused by the acts of their employees within the scope of their employment. Cal. Gov't Code § 815.2(a). But if the employee whose action caused the injury is immune from suit, the public entity is not liable for the injury. *Id.* § 815.2(b).

County Defendants argue that Section 815.2(b) bars Plaintiffs' claims against the Sheriffs' Department and the County because all the employees involved in the impoundment of Mateos-Sandoval's vehicle are immune from suit. Specifically, they contend that Sheriff Freitas is immune from suit under Section 52.1, pursuant to Sections 820.2 and 820.4 of the California Government Code, and that both Freitas and his deputies are immune under Sections 820.6 and 821.6. As discussed below, Defendants have not shown that any of these immunities apply. Accordingly, the County and the SCSD are not protected by Section 815.2(b).

a. Section 820.2 immunity

Section 820.2 of the California Government Code provides:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

Cal. Gov't Code § 820.2. County Defendants argue that Section 820.2 applies to Sheriff Freitas because his decisions were "discretionary." However, the California Supreme Court has construed Section 820.2 narrowly: to be entitled to Section 820.2 immunity, a public entity must show that the alleged harm resulted from "a policy decision, consciously balancing risks and advantages," and "assuming certain risks in order to gain other policy objectives." *Johnson v. State of California*, 69 Cal. 2d 782, 795 n.8 (1968). "The fact that an employee normally engages in 'discretionary activity' is irrelevant if, in a given case, the employee did not render a considered decision." *Caldwell v. Montoya*, 10 Cal. 4th 972, 981 (1995) (internal citations and quotation marks omitted). In this case, the complaint contains no information about how the SCSD custom or practice that resulted in the unlawful seizure of Mateos-Sandoval's truck came into being. County Defendants have not shown that the impoundment of Mateos-Sandoval's truck resulted from a considered decision by Sheriff

10

Freitas. *See Johnson*, 69 Cal.2d at 795 n.8 ("[T]o be entitled to immunity the state must make a showing that such a policy decision, consciously balancing risks and advantages, took place."). Therefore, Sheriff Freitas cannot avail himself of Section 820.2 immunity.

### b. Section 820.4 immunity

Section 820.4 of the California Government Code provides immunity for "[a] public employee . . . exercising due care, in the execution or enforcement of any law." However, County Defendants have not shown that Freitas and the deputies exercised "due care" in interpreting and enforcing Section 14602.6 and in impounding Mateos-Sandoval's truck. *See Cameron v. State of California*, 7 Cal. 3d 318, 325 (1972) (Defendants have the burden of pleading and proving their entitlement to § 820.4 immunity). Therefore, Section 820.4 does not apply.

### c. Section 820.6 immunity

Section 820.6 of the California Government Code provides:

> If a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, he is not liable for an injury caused thereby except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

California Government Code § 810.6 defines "enactment" as "a constitutional provision, statute, charter provision, ordinance or regulation." The enactment to which County Defendants point is Section 14602.6. On its face, however, Section 14602.6 does not authorize the impoundment of a vehicle driven by an individual who has been issued a driver's license by a foreign jurisdiction. *See* Cal. Veh. Code § 14602.6 (authorizing the impoundment of a vehicle driven by an individual "driving a vehicle without ever having been issued a driver's license"); Cal. Veh. Code § 310 (defining "driver's license" as "a valid license to drive the type of motor vehicle or combination of vehicles for which a person is licensed under this code *or by a foreign jurisdiction*" (emphasis added)). Therefore, Section 820.6 does not shield County Defendants from liability.

### d. Section 821.6 immunity

Section 821.6 of the California Government Code provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." County Defendants argue that Section 821.6 shields them from any liability based on the administrative hearing process for Mateos-Sandoval's vehicle. "Section 821.6 immunity is generally perceived as prosecutorial immunity and immunity from malicious prosecution." *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 749 (E.D. Cal. 2008). County Defendants' administrative hearing process is instituted and prosecuted, if at all, by the person whose vehicle has been impounded. Section 821.6 therefore does not shield County Defendants from liability based on the administrative hearing process.

For these reasons, none of the immunities Defendants invoke apply here.

2.  Threats, Intimidation, or Coercion

County Defendants next argue there is no Section 52.1 claim because there were no "threats, intimidation or coercion," as required. Cal Civ. Code § 52.1(a). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007) (parentheses in original) (citing *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998)). When a Section 52.1 claim is alleged against a government actor, the burden of showing "threats, intimidation or coercion" is minimal. *See Venegas v. County of Los Angeles*, 32. Cal. 4th 820, 843 (2004) (Baxter, J. concurring) ("[I]t should not prove difficult to frame many, if not most, asserted violations of any state or federal statutory or constitutional right, including mere technical statutory violations, as incorporating a threatening, coercive, or intimidating verbal or written component.").

Citing to a recent California court of appeal decision, *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947 (2012), County Defendants argue that to adequately allege a claim under Section 52.1, Plaintiffs must show threats, intimidation, or coercion independent

12

of that inherent in their unlawful seizure claims.[5] In *Shoyoye*, an administrative error resulted in the plaintiff being erroneously detained for two weeks after his release date. 203 Cal. App. 4th at 951. The court held that in the absence of a showing of knowledge or intent, the coercion inherent in a wrongful overdetention – the bare fact that the plaintiff was not free to leave the jail – was insufficient to satisfy Section 52.1's requirement that the interference with the plaintiff's rights be accomplished "by threats, intimidation, or coercion." *Id*. at 959. The court reasoned that Section 52.1 was not intended to redress harms "brought about by human error rather than intentional conduct." *Id.*

County Defendants' argument is based on an overly broad reading of *Shoyoye,* one which conflicts with California Supreme Court precedent. In *Venegas v. County of Los Angeles*, the California Supreme Court held that the plaintiffs "adequately stated a cause of action under section 52.1" based on allegations showing an unconstitutional search and seizure. 32 Cal. 4th at 827-28 & 843. The court pointed out that Section 52.1 does not "extend to all ordinary tort actions" because it is predicated on the violation of a "constitutional or statutory right." *Id*. at 843. Because the plaintiffs' allegations involved "unconstitutional search and seizure violations" and not "ordinary tort claims," they had "adequately stated a cause of action under section 52.1." *Id*. The *Shoyoye* Court distinguished *Venegas* on the ground that the evidence presented in *Venegas* "could support a finding that the probable cause that initially existed to justify stopping the plaintiffs eroded at some point, such that the officers' conduct became intentionally coercive and wrongful," whereas the facts at issue in *Shoyoye* "showed only that County employees were negligent."

---

[5] Both before and after *Shoyoye*, federal district court decisions have divided on the issue of whether a Section 52.1 claim lies when the alleged threats, intimidation, or coercion is inherent to the underlying statutory or constitutional violation. *See*, *e.g.*, *M.H. v. County of Alameda*, No. C11-2868, 2013 WL 1701591, at *7 (N.D. Cal. 2013), and cases cited therein; *Luong v. City & County of San Francisco*, No. C11-5661, 2012 WL 5519210, at *7 (N.D. Cal. 2012), and cases cited therein. In *Bender v. County of Los Angeles*, a California court of appeal recently recognized that this remains an unresolved issue under California law, stating "we need not weigh in on the question whether the Bane Act requires 'threats, intimidation, or coercion' beyond the coercion inherent in every arrest, or whether, when an arrest is otherwise lawful, a Bane Act claim based on excessive force also requires a violation of some right other than the plaintiff's Fourth Amendment rights." __ Cal. App. 3d__, 2013 WL 3423258, at *6 (July 9, 2013).

13

203 Cal. App. at 961.

In this case, as in *Venegas* and in contrast to *Shoyoye*, the harm alleged was brought about by intentional conduct, not by negligence. This conduct – the seizure of Mateos-Sandoval's vehicle by a sheriff – was inherently coercive. *Cf. M.H. v. Cnty. of Alameda*, No. C11-2868, 2013 WL 1701591, *8 (N.D. Cal. Apr. 18, 2013) (deliberate indifference to medical needs); *Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.*, 387 F. Supp. 2d 1084, 1103-04 (N.D. Cal. 2005) (unreasonable search and seizure); *Skeels v. Pilegaard*, No. C12-2175, 2013 WL 970974 (N.D. Cal. Mar. 12, 2013) (unreasonable search and seizure and arrest without probable cause). Accordingly, Plaintiffs have adequately alleged the requisite interference "by coercion" with Mateos-Sandoval's Fourth Amendment rights.

Plaintiffs have stated a claim against County Defendants under Section 52.1 based on their Fourth Amendment unlawful seizure claim (claim one); County Defendants' motion to dismiss is DENIED as to that claim.

Plaintiffs offer no argument in opposition to the dismissal of the Section 52.1 claims that are based on County Defendants' alleged interference with their due process rights (claims three and four), nor do they argue that they have stated a claim under Section 52.1 against Sheriff Freitas in his personal capacity. Defendants' motion to dismiss is therefore GRANTED as to the third and fourth claims under Section 52.1 and any claim under Section 52.1 against Sheriff Freitas in his personal capacity.

3. Motion for Stay

County Defendants request that all proceedings related to Plaintiffs' Section 52.1 claims against the County of Sonoma, the SCSD, and Freitas in his official capacity be stayed pending the outcome of their appeal on the issue of state sovereign immunity. The doctrine of state sovereign immunity immunizes state agencies and state officers acting in their official capacities against pendent state law claims. *Ashker v. Cal. Dept. of Corrections*, 112 F.3d 392, 394-95 (9th Cir. 1997). Whether the Court can hear Plaintiffs' Section 52.1 claims against the County of Sonoma, the SCSD, and Freitas in his official capacity therefore

turns on the outcome of the pending appeal. For this reason, County Defendants' motion is GRANTED and discovery on these claims will be STAYED pending the Ninth Circuit's decision on the appeal.

**CONCLUSION**

For the reasons given above, City Defendants' motion to dismiss claim three is GRANTED and the claim is DISMISSED WITH PREJUDICE. City Defendants' motion to dismiss the § 1983 personal-capacity claim against Schwedhelm is GRANTED WITHOUT PREJUDICE as to claim four. Any claim for relief against City Defendants based on (a) allegations against them related to the impoundment of Mateos-Sandoval's truck, (b) the Takings Clause, or (c) a request for injunctive relief is DISMISSED WITH PREJUDICE.

County Defendants' motion to dismiss is GRANTED WITHOUT PREJUDICE as to Plaintiffs' third and fourth claims for relief against Freitas in his personal capacity under § 1983 and § 52.1. Any claim against County Defendants based on (a) allegations against them related to the impoundment of Avendano Ruiz's truck, (b) the Takings Clause, or (c) a request for injunctive relief is DISMISSED WITH PREJUDICE.

Each motion to dismiss is otherwise DENIED.

County Defendants' motion to stay proceedings with respect to Plaintiffs' Section 52.1 claims against them is GRANTED, except as to Sheriff Freitas in his personal capacity.

A case management conference will be held on **August 26, 2013 at 1:30 p.m.** in Courtroom 12, 19th floor, at the San Francisco Courthouse. Status statements are due no later than **August 19, 2013**.

IT IS SO ORDERED.

Dated: 07/24/2013

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

15