CAROLINE L. FOWLER, City Attorney (SBN 110313)
ROBERT L. JACKSON, Assistant City Attorney (SBN 101770)
City of Santa Rosa
100 Santa Rosa Avenue, Room 8
Santa Rosa, California 95404
Telephone:  (707) 543-3040
Facsimile:    (707) 543-3055

Attorney for Defendants City of Santa Rosa
Santa Rosa Police Department, and Tom Schwedhelm

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - San Francisco Division

| | |
|---|---|
| RAFAEL MATEOS-SANDOVAL and SIMEON AVENDANO RUIZ, individually and as class representatives,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S DEPARTMENT, STEVE FREITAS, CITY OF SANTA ROSA, SANTA ROSA POLICE DEPARTMENT, TOM SCHWEDHELM, and DOES 1 through 20, individually and in their official capacities,<br><br>Defendants. | Case No.  CV 11-5817 THE<br><br>**CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**<br><br><br>Judge:  The Hon. Thelton E. Henderson |

Defendant, City of Santa Rosa, for itself and sued erroneously as Santa Rosa Police Department, ("SRPD")  served with the Second Amended Class Action Complaint for Damages herein on August 7, 2013, and Thomas E. Schwedhelm (erroneously sued herein as Tom Schwedhelm), who now voluntarily appears herein individually and in his capacity as Chief of Police for the City of Santa Rosa, answer plaintiffs' Second Amended Class Action Complaint for Damages, as follows:

1.    Defendants deny the allegations of paragraphs 15, 32, 38, 39, 40,41, 42, 43, 44, 45,46, 47, 48, 50, 52, 53, 65, 66, 67, 68, 69, 70, 71, 72, 82, 83, 84, 85.

1   2.      Defendants admit the allegations of paragraphs 2, 3, 4, 10, 27, 31.

2   3.      Defendants are without sufficient knowledge or belief to either admit or deny the
3   allegations of paragraphs 1, 5, 6, 7, 8, 9, 12, 13, 14, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 30, 33, 49,
4   51, 54, 56, 57, 58, 59, 60, 61, 62, 63,  75, 76, 78, 80,  and on this basis, deny each and every
5   allegation contained therein.

6   3.      Answering the incorporated allegations of paragraphs 55, 64, 73, 81 , defendants re-
7   allege the responsive allegations contained in this answer to the paragraphs incorporated therein.

8   4.      Responding to paragraph 11 of the Second Amended Class Action Complaint for
9   Damages, these answering defendants  admit that defendant Thomas E. Schwedhelm is the SRPD
10  Police Chief. Except as so admitted, defendants are without sufficient knowledge or belief to either
11  admit or deny each of the remaining allegations of paragraph 11 of the Second Amended Class
12  Action Complaint for Damages and on this basis, deny the remaining allegations contained therein.

13  5.      Responding to paragraph 25 of the Second Amended Class Action Complaint for
14  Damages, these answering defendants admit that on or about September 1, 2011, at a checkpoint in
15  the City of Santa Rosa, SRPD officers stopped Mr. Ruiz as he was driving his Chevy Silverado.
16  These answering defendants further admit that Mr. Ruiz' vehicle was impounded.. Except as so
17  admitted, defendants deny the remaining allegations contained therein.

18  6.      Responding to paragraph 28 of the Second  Amended Class Action Complaint for
19  Damages,  these answering defendants admit that a CHP Form 180 was mailed to Mr. Ruiz. The
20  document speaks for itself. Except as so admitted, defendants deny the remaining allegation
21  contained therein.

22  7.      Responding to paragraph 29 of the Second Amended Class Action Complaint for
23  Damages, these answering defendants admit that on or about September 6, 2011, SRPD was
24  presented  by his attorney with a Republic of Mexico drivers license for Mr. Ruiz, that through his
25  attorney Mr. Ruiz requested that his vehicle be released, and that SRPD declined to release the
26  vehicle. Except as so admitted, defendants deny the remaining allegations contained therein.

27  8.      Responding to paragraph 34 of the Second Amended Class Action Complaint for
28  Damages, these answering defendants allege that California Vehicle Code §14602.6 speaks for itself.

1  Except as so alleged, defendants deny the remaining allegations contained therein.

2        9.     Responding to paragraph 35 of the Second Amended Class Action Complaint for
3  Damages, these answering defendants allege that California Vehicle Code §22852 speaks for itself.
4  Except as so alleged, defendants deny the remaining allegations contained therein.

5        10.    Responding to paragraph 36 of the Second Amended Class Action Complaint for
6  Damages, these answering defendants allege that California Vehicle Code §14602.6(a) speaks for
7  itself. Except as so alleged, defendants deny the remaining allegations contained therein.

8        11.    Responding to paragraph 37 of the Second Amended Class Action Complaint for
9  Damages, these answering defendants allege that California Vehicle Code §22852 speaks for itself.
10 Except as so alleged, defendants deny the remaining allegations contained therein.

11       12.    Responding to paragraph 74 of the Second Amended Class Action Complaint for
12 Damages, these answering defendants allege that Vehicle Code §§14602.6(b) and 22852 speak for
13 themselves. Except as so alleged, defendants deny the remaining allegations contained therein.

14       13.    Responding to paragraph 77 of the Second Amended Class Action Complaint for
15 Damages, these answering defendants allege that Vehicle Code §§14602.6, 14604 and the court's
16 decision in *Smith v. Santa Rosa Police Department* speak for themselves.. Except as so alleged,
17 defendants deny the remaining allegations contained therein.

18       14.    Responding to paragraph 79 of the Second Amended Class Action Complaint for
19 Damages, these answering defendants allege that Vehicle Code §22852(c) speaks for itself. Except
20 as so alleged, defendants deny the remaining allegations contained therein.

21
22                                   **AFFIRMATIVE DEFENSES**

23       1.     Plaintiffs fail to allege facts sufficient to state a cause of action against these
24 answering defendants, including facts sufficient to state a cause of action under California Civil
25 Code § 52.1.

26       2.     Defendants are immune from liability to plaintiffs pursuant to the provisions of
27 California Government Code §§ 815, 815.2, 815.6, 818, 818.2, 818.8, 820.2, 820.4, 820.6, 820.8,
28 and 822.2.

1    3.    Plaintiffs were at fault and negligent in the matters set forth in the complaint and said fault and negligence contributed to, and were, the proximate cause of plaintiffs injuries and damages, if any there were. Plaintiffs recovery must, therefore, be diminished to the extent of said fault and negligence.

4.    Plaintiffs assumed the risk of injury, if any there were herein, and plaintiffs are, therefore, barred from recovery.

5.    Defendants are entitled to qualified immunity and prosecutorial immunity.

6.    Defendants will incur attorneys fees herein and are entitled to recover such fees.

7.    If, and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in Government tort claims presented by plaintiffs, said complaint fails to state a cause of action and violates the provisions of California Government Code Chapter I, commencing with Section 900) and Chapter II (commencing with Section 910). Defendants reserve the right to move to strike such allegations.

8.    Defendants acted within the scope of their discretion, in good faith, and pursuant to applicable rules, regulations, and practices, which were reasonably and in good faith believed to be in accordance with the Constitution and laws of the United States and California, and that defendants are, therefore, immune from liability.

9.    The detention and/or arrest, if any there was, alleged in the complaint, was regular and lawful and made in good faith by law enforcement officers acting within the course and scope of their authority and with reasonable suspicion and/or probable cause to believe that a violation of law had occurred.

10.   Any detention of plaintiffs was reasonable under the facts and circumstances confronted by the officers who had contact with plaintiffs. Any alleged unlawful detention and/or false imprisonment, as alleged, was caused solely by the conduct of plaintiffs.

**WHEREFORE CITY DEFENDANTS PRAY** for judgment, as follows:

1.    That plaintiffs take nothing by their complaint;

2.    That attorney's fees and costs be awarded to defendants; and

3.    For such further relief as the court deems proper.

**City Defendants' Answer to Second Amended Complaint**     4          Case No. CV 11–5817 TEH

//

## DEMAND FOR JURY TRIAL

Defendants respectfully demand a jury trial in this matter.


DATED: August 26, 2013         /s/ Robert L. Jackson
                               ROBERT L. JACKSON
                               Assistant City Attorney
                               Attorney for Defendants City of Santa
                               Rosa,  Santa Rosa Police Department and
                               Tom Schwedhelm