# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RAFAEL MATEOS-SANDOVAL, and others,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, and others,<br><br>Defendants. | Case No. 11-cv-05817 TEH (NC)<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR PROTECTIVE ORDER; DENYING SANCTIONS**<br><br>Re: Dkt. No. 137 |

The parties in this civil rights action filed a joint letter brief explaining their dispute regarding whether defendants' production of internal affairs documents should be subject to a protective order. Dkt. No. 137. The undersigned magistrate judge has been referred discovery in this case. Dkt. No. 133. The Court finds the issue suitable for disposition without oral argument. Because the documents that defendants intend to produce includes private information, the Court grants defendants' request to order that the production be subject to a protective order. The Court also finds that the protective order must include language requiring anyone who accesses the internal affairs documents to sign an "Acknowledgement and Agreement to be Bound." The Court denies defendants' request for sanctions.

Plaintiffs argue that "[p]roducing the IA file is [] not an invasion of anyone's privacy." Dkt. No. 137 at 4. Plaintiff seems to misunderstand the dispute at issue.

1  Defendants do not dispute that the documents plaintiffs seek are relevant and not protected
2  by a privilege that would prevent their production.  Instead, defendants admit the documents
3  must be produced but ask that they be produced subject to a protective order.  Plaintiff cites
4  no authority for why a protective order would be inappropriate or unnecessary.  On the
5  other hand, defendants cite a host of cases from our District that ordered production of
6  internal police files subject to a protective order.  *See Jaramillo v. City of San Mateo*, No.
7  13-cv-00441 NC, 2013 WL 5692425, at *2 (N.D. Cal. Oct. 16, 2013); *Williams v. Cnty. of*
8  *Alameda*, No. 12-cv-2511 SBA (MEJ), 2013 WL 4608473, at *2 (N.D. Cal. Aug. 28, 2013);
9  *Doe v. Gill*, No. 11-cv-04759 CW (LB), 2012 WL 1038655, at *4 (N.D. Cal. Mar. 27,
10 2012); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995).  The Court agrees
11 with this line of cases and finds that the internal affairs information is discoverable, but
12 should be produced subject to a protective order to protect the privacy interests of the
13 employees and witnesses involved.

14       Defendants also request that the protective order include language requiring anyone
15 who accesses the internal affairs documents to sign an "Acknowledgement and Agreement
16 to be Bound," which is included in the Northern District of California's model protective
17 order.  Plaintiffs object to this requirement, arguing that it is "onerous and not a requirement
18 that counsel is accustomed to" but at the same time indicating that "[i]n all likelihood, the
19 only possible person on Plaintiffs' end, outside Plaintiffs' counsel's office, who even will
20 come in contact with the IA file is an expert witness." Dkt. No. 137 at 5.  The Court finds
21 that the requirement to include the Acknowledgement language is reasonable under the
22 circumstances and not overly burdensome on plaintiffs.

23       Although the Court finds in favor of defendants, the request for sanctions is denied.
24 The Court finds that plaintiffs, though mistaken in their position, acted in good faith in
25 disputing the necessity of the protective order and its specific language.

26       The parties must submit a joint proposed protective order within 14 days of this
27 order.  Any party may object to this order to the district court within 14 days. Fed. R. Civ.
28 P. 72(a).

Case No. 11-cv-05817 TEH (NC)
ORDER GRANTING REQUEST FOR
PROTECTIVE ORDER                 2

1  IT IS SO ORDERED.

2  Date:  May 23, 2014

3  _____
4  Nathanael M. Cousins
   United States Magistrate Judge

Case No. 11-cv-05817 TEH (NC)
ORDER GRANTING REQUEST FOR         3
PROTECTIVE ORDER