**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RAFAEL MATEOS-SANDOVAL, and others,<br><br>          Plaintiffs,<br><br>     v.<br><br>COUNTY OF SONOMA, and others,<br><br>          Defendants. | Case No. 11-cv-05817 TEH (NC)<br><br>**ORDER SETTING BRIEFING SCHEDULE ON PLAINTIFFS' MOTION TO COMPEL AGAINST NONPARTY CROZAT INVESTMENT CORP DBA G & C TOWING**<br><br>Re: Dkt. No. 141 |

The Court construes plaintiffs' "Application for Issuance of Order to Show Cause on Why Contempt Citation Should Not Issue" against Crozat Investment Corp dba G & C Towing as a motion for an order compelling production or inspection under Fed. R. Civ. P. 45(d)(2)(B)(i).  G & C Towing is not a party to this dispute.  Plaintiffs served a document subpoena on G & C Towing under Rule 45.  G & C Towing objected to the subpoena and plaintiffs now seek an order compelling enforcement of the subpoena.

Under Fed. R. Civ. P. 45(d)(1), a party or attorney responsible for issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to subpoena."  The court must enforce this duty and impose an appropriate sanction, which may include lost earnings and reasonable attorney's fee, on a party who fails to comply with

1   Rule 45.  *See, e.g., In re NCAA Student-Athlete Name & Likeness Licensing Lit.*, No. 09-cv-

2   01967 CW (NC), 2012 WL 629225, at *8 (N.D. Cal. Feb. 27, 2012) (awarding sanctions

3   against party serving overly broad subpoena on nonparty).

4         Here, the Court questions whether plaintiffs have taken reasonable steps before filing

5   their application for a contempt citation.  In particular, have plaintiffs tailored their

6   document demand to the "immediate needs of the case"?  *Mattel, Inc. v. Walking Mountain*

7   *Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (upholding award of sanctions for overly broad

8   subpoena served on nonparty).  Have plaintiffs exhausted their efforts to discover these

9   records directly from the defendants?  Have plaintiffs considered a partial production?

10  Have plaintiffs considered a phased production?  Have plaintiffs proposed to pay or

11  partially pay for expenses incurred by the nonparty in responding to the request?  Are the

12  costs of producing the documents demanded proportional to the issues at stake in the case?

13        Plaintiffs must immediately serve this order on G & C Towing and file a proof of

14  service.  G & C Towing must respond to the motion to compel by July 11, 2014.  Any

15  argument of undue burden by G & C Towing must be supported by specific facts.  Reply

16  will be due July 18.  A hearing will be held July 30, 2014, at 1:00 p.m. in Courtroom A in

17  San Francisco, if one is necessary.

18        Amid this briefing, by July 3, plaintiffs must meet and confer with defendants in an

19  effort to determine whether a partial production of a sampling of these records directly from

20  defendants would be a cost-effective and fair approach before demanding from a nonparty

21  discovery for the entire class period as to all putative class members.  Plaintiffs also should

22  reflect on whether they have complied with Rule 45 and whether they and their counsel will

23  be sanctioned if this motion gets to a hearing on the present record.

24        IT IS SO ORDERED.

25        Date:  June 20, 2014

26                                                        _____

27                                                        Nathanael M. Cousins
                                                          United States Magistrate Judge

28

Case No. 11-cv-05817 TEH (NC)
ORDER SETTING BRIEFING              2
SCHEDULE