# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RAFAEL MATEOS-SANDOVAL, and others,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, and others,<br><br>Defendants. | Case No. 11-cv-05817 TEH (NC)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 139, 141, 144, 146 |

Plaintiffs move to compel the production of several years' worth of police department forms and records relevant to plaintiff Sandoval's § 1983 claim for wrongful search and seizure. Defendants argue that the documents are not relevant to that claim, and that the burden of producing the forms outweighs their probative value given that no class has been certified in this case. Defendants also argue that the documents are protected by the official information privilege because their production would violate the privacy interests of third parties identified in the documents. This order strikes a balance between the parties' all-or-nothing positions, based on principles of proportionality.

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information is relevant for discovery purposes if it "appears reasonably calculated to lead to the discovery of

Case No. 11-cv-05817 TEH (NC)
ORDER REGARDING DISCOVERY
DISPUTE

admissible evidence." *Id.* However, the Court must limit the scope of discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). In other words, the Court seeks to "strike[] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case." *Kaiser v. BMW of N. Am., LLC*, No. 12-cv-01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013).

Here, the Court finds that the CHP 180 forms and § 14602.6 impound reports are relevant to plaintiff Sandoval's § 1983 claim. However, balancing the burden to defendants against the probative value to plaintiffs, the Court finds that production of these documents for a time period covering several years is not warranted at this point in the case. Instead, the Court orders defendant Santa Rosa to produce the CHP 180 forms and § 14602.6 impound reports for the month that plaintiff Sandoval's vehicle was impounded. Defendants' concerns for the privacy interests of third parties can be alleviated by redacting the names and personal information of third parties that appear in the forms and reports. The Court also notes that the production is subject to the protective order issued in this case. Dkt. No. 138.

At oral argument, plaintiffs' counsel indicated that if he received the requested documents from defendants, he would withdraw his subpoena to third party towing companies. In order to lessen the burden on third parties, the Court now STAYS enforcement of all subpoenas to third party towing companies pending further court order. The Court set a further discovery conference for August 13, 2014 at 1:00 p.m.

IT IS SO ORDERED.

Date: July 1, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge