United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RAFAEL MATEOS SANDOVAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, et al.,<br><br>Defendants. | Case No. 11-cv-05817-TEH<br><br>**ORDER GRANTING PLAINTIFFS'<br>MOTION FOR LEAVE TO AMEND** |

Now before the Court is Plaintiffs' motion for leave to file a third amended complaint. *See* Docket No. 154. Pursuant to Civil Local Rule 7-1(b), the Court found this matter appropriate for resolution without oral argument, and vacated the August 11, 2014 hearing. For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

**BACKGROUND**

As the parties are familiar with the facts and procedural history of the case, the Court addresses each with brevity. Plaintiffs filed their initial complaint in this action on December 2, 2011, challenging under both state and federal law Defendants' enforcement of California Vehicle Code § 14602.6, which authorizes the impoundment of a vehicle for thirty days under limited circumstances. Plaintiffs twice filed amended complaints pursuant to orders granting in part and denying in part motions to dismiss, and which also granted Plaintiffs leave to amend. *See* Docket Nos. 69-1, 104. Plaintiffs' operative complaint in this matter is their Second Amended Class Action Complaint for Damages ("SAC"), filed on August 7, 2013. *See* Docket No. 105. On February 8, 2013, the County of Sonoma, the Sonoma County Sheriff's Office, and Sheriff Freitas in his official capacity (the "entity County Defendants") filed a Notice of Interlocutory Appeal with respect to a portion of the Court's Order entered January 31, 2013, on the issue of Eleventh Amendment sovereign immunity. *See* Docket No. 70. Accordingly, all claims brought

against the entity County Defendants have been and remain stayed pending resolution of the appeal. *See* Docket No. 92. However, this stay pending appeal does not affect any claim alleged against Sheriff Freitas in his personal capacity (as opposed to his official capacity). Previously, the Court dismissed with prejudice claims alleged against Sheriff Freitas in his personal capacity on the basis of qualified immunity, except one: Plaintiff Sandoval's Fourth Amendment claim against Sheriff Freitas in his personal capacity brought under 42 U.S.C. § 1983 ("§ 1983"). *See* Docket Nos. 104, 108, 126. Whether to grant Plaintiffs leave to file their proposed Third Amended Complaint ("TAC"), Docket No, 154-1, is the only matter presented by Plaintiffs' motion.

**LEGAL STANDARD**

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. *See* Fed. R. Civ. P. 15(a). Rule 15 advises the court that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of these so-called *Foman* factors, prejudice is the weightiest and most important. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Evaluation of the *Foman* factors "should be performed with all inferences in

United States District Court
Northern District of California

2

favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

**DISCUSSION**

Plaintiffs' proposed TAC does not seek to add any new facts or legal theories against Sheriff Freitas. Rather, Sandoval seeks to amend his class allegations and class definition to more closely conform to the facts of Sheriff Freitas' alleged Fourth Amendment violation: that Sheriff Freitas – and the stayed entity County Defendants – make no record justifying the vehicle seizures under any exception to the warrant requirement – i.e. neither as an administrative penalty under Vehicle Code § 14602.6 because its terms do not apply nor under the community caretaking doctrine; that each damages class numbers in the thousands; and that common class allegations exist as to whether Defendants maintained any records which could justify the warrantless seizures of vehicles under a recognized exception. *See* Cook Decl. ¶ 3; Opp'n at 2, Docket No. 164 (citing TAC ¶¶ 34, 42, 43(G), 44 and 51)). Plaintiffs also seek to eliminate the due process claim against Sheriff Freitas in his personal capacity – the Fourth Cause of Action – and to clarify that Sandoval sues only Sheriff Freitas and the entity County Defendants while Ruiz sues only the Santa Rosa Defendants, in conformity with the Court's prior orders. *See* Cook Decl. ¶ 4.

Sheriff Freitas urges the Court to deny Plaintiffs' motion on the grounds of undue delay, prejudice caused by amendment, futility of amendment, and because Plaintiffs have twice amended their complaint. Sheriff Freitas does not assert Plaintiffs have acted with bad faith. Sheriff Freitas has not overcome Rule 15(a)'s presumption in favor of granting Plaintiffs leave to amend. Accordingly, the Court GRANTS Plaintiffs' motion.

First, there is no strong evidence that Plaintiffs have unduly delayed the filing of their proposed TAC. Plaintiffs initiated this suit in 2011. This case has a complex procedural history: the parties have engaged in several rounds of motion practice and claims against the entity County Defendants are stayed pending their interlocutory appeal.

United States District Court
Northern District of California

3

It appears that discovery did not begin in earnest between Sandoval and Sheriff Freitas until May 2014 when Sheriff Freitas responded to Sandoval's First Set of Production Requests.  *See* Cook Decl. ¶ 2.A.  While Sheriff Freitas may harbor skepticism about the underlying merits of Plaintiffs' proposed amendment, he has not met his burden of showing that Plaintiffs have unduly delayed seeking amendment.

Second, Sheriff Freitas has not demonstrated that he will be prejudiced by the proposed amendment.  Sheriff Freitas characterizes the proposed TAC as containing "tweaked" language, with the "majority" of revisions described as "non-substantive," and importantly notes that the "new" allegations are "either duplicative or irrelevant;" in sum, Sheriff Freitas concludes that the TAC contains "no new causes of action or legal theories."  Opp'n at 2.  In light of these characterizations, the Court views Sheriff Freitas' claim of prejudice with skepticism.  In particular, as discussed *infra*, the Court will STAY any amended claims as against the entity County Defendants, thus mitigating any uncertainty or confusion as to the "operative" complaint in any future proceedings depending on the disposition of their interlocutory appeal.[1]  Given the concededly de minimis nature of the amended pleadings, requiring Sheriff Freitas to file a slightly revised version of his previously filed answer does not strike the Court as a substantial "waste of public funds and resources."  Opp'n at 6.  Lastly, Sheriff Freitas expresses concern that Plaintiffs' amendment might complicate his future efforts to contest any motion by Plaintiffs to certify this case as a class action on the grounds of undue delay because the filing of the TAC would allow Plaintiffs to argue that a class certification motion is timely with respect to the TAC as opposed to the filing of this case on December 2, 2011.  The Court is well-aware of the procedural history and extensive litigation involved in this case,

---

[1]     Sheriff Freitas argues that Plaintiffs cannot seek to amend their complaint with respect to any claim or allegation made against the entity County Defendants because the Court stayed all trial proceedings as to the entity County Defendants pending their interlocutory appeal.  *See* Docket No. 92.  Pursuant to the inherent authority to manage the proceedings before it, the Court STAYS the TAC as to the entity County Defendants pending the disposition of their interlocutory appeal.  The entity County Defendants are relieved of their responsibility to answer or otherwise participate in or defend against Plaintiffs' claims at this time.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    and will take into account all relevant factors in its Rule 23 analysis should Plaintiff move

2    to certify this case as a class action.  Accordingly, the Court does not find that the risk of

3    prejudice here overcomes the presumption in favor of granting leave to amend.

4              Third, the Court questions whether Plaintiffs' proposed amendment borders on

5    futility given *Sandoval*'s own concession that the TAC does not "allege any new or

6    different facts regarding the circumstances of the seizures" of Plaintiff's vehicle.  Mot. at

7    4-5, Docket No. 154.  A district court does not abuse its discretion in denying a motion to

8    amend a complaint when the movant presents "no new facts but only 'new theories' and

9    'provide[s] no satisfactory explanation for his failure to fully develop his contentions

10   originally.'"  *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (citation

11   omitted).  Here, Sandoval presents neither new facts nor new legal theories, and thus *Allen*

12   suggests the Court would be within its discretion to deny leave to amend on the basis of

13   futility alone.  Sandoval, however, believes that amendment here is necessary to correct a

14   deficiency in the complaint; he contends that Sheriff Freitas "could not be more wrong"

15   with his position that "record-keeping practices [are] irrelevant to a class definition in this

16   case."  Reply at 3, Docket No. 166.  Indeed, the gravamen of the proposed amendments is

17   a purported need to conform class allegations related to class definitions and

18   ascertainability to what Plaintiffs contend is recently discovered information about the

19   record keeping – and enforcement practices under Vehicle Code § 14602.6 – of the entity

20   County Defendants, including Sheriff Freitas in his personal capacity.  *See* Mot. at 4-5.

21   "Rule 15(a) is designed 'to facilitate decision on the merits, rather than on the pleadings or

22   technicalities.'"  *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir.

23   2011) (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  In light of this

24   policy, to the extent the parties disagree about the legal sufficiency of the proposed

25   amendments and appropriateness of class definitions, the parties may fully brief those

26   arguments at the proper procedural stage.  *Cf. SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.

27   Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citing William W. Schwarzer, et al., California

28   Practice Guide: Federal Civil Procedure Before Trial § 8:422) (while the legal sufficiency

United States District Court
Northern District of California

of a proposed amendment is analyzed using the same standard applied on a Rule 12(b)(6) motion, "such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend."). Accordingly, futility of amendment does not *strongly* weigh against the presumption of granting Plaintiffs leave to amend.

Fourth, the Court agrees with Sheriff Freitas that Plaintiffs' previous two amendments weigh against granting leave to amend here. "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen*, 911 F.2d 367, 373 (9th Cir. 1990) (finding it "implausible to suggest that justice somehow requires" granting leave to amend a complaint for the third time in the absence of allegations of new legal theories); *see also Davis v. Astrue*, 250 F.R.D. 476, 482 (N.D. Cal. 2008) (denying fourth opportunity for leave to amend). Nonetheless, in light of all the other relevant *Foman* factors, Sheriff Freitas has not overcome Rule 15's presumption in favor of granting Plaintiffs leave to amend. The Court advises Plaintiffs that no further amendment shall be granted absent extraordinary circumstances.

Accordingly, in light of the foregoing factors, the Court GRANTS Plaintiffs' motion for leave to file the TAC, subject to the conditions outlined below.

# CONCLUSION

The Court GRANTS Plaintiffs' motion for leave to file the TAC. Plaintiffs shall file the TAC no later than **August 26, 2014**. However, the TAC is STAYED as to the entity County Defendants pending disposition of their interlocutory appeal, and thus they are relieved of any responsibility to respond to the TAC pending their appeal.

**IT IS SO ORDERED.**

Dated:   8/12/14

THELTON E. HENDERSON
United States District Judge