# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| RAFAEL MATEOS-SANDOVAL, and others,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, and others,<br><br>Defendants. | Case No. 11-cv-05817 TEH (NC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR PRODUCTION OF HIS DEPOSITION TRANSCRIPT**<br><br>Re: Dkt. No. 163 |

Plaintiff Simeon Avendano Ruiz demands that defendant Santa Rosa provide him with a copy of the transcript of his deposition taken in this case. Ruiz's counsel was present at the deposition and had an opportunity to request a copy of the transcript from the court reporter, but chose not to do so. Instead, Ruiz filed a motion asserting that the transcript is a "previous statement" of a party that must be produced to him under Federal Rule of Civil Procedure 26(b)(3)(C).

Ruiz states that "No rule obligates a party to seek a discoverable record from a non-party [the court reporter] if the opposing party possesses the non-privileged record." Dkt. No. 163 at 1. Not so. Federal Rule of Civil Procedure 26(b)(2)(C)(ii) requires that the Court "must limit" discovery otherwise allowed by the rules if the party seeking discovery

"has had ample opportunity to obtain the information by discovery in the action."

Here, Ruiz had more than "ample opportunity" to obtain his deposition transcript directly from the court reporter. As a result, his request to compel production from Santa Rosa is denied.

Because the Court resolves this discovery dispute by applying Rule 26(b)(2)(C)(ii), it does not need to reach other issues raised by the parties: (1) whether a transcript from the present case constitutes a "previous" statement under Rule 26(b)(3)(C); (2) whether production of the transcript to a party who earlier chose not to pay for it would violate the court reporter's rights; and (3) whether asking for a transcript from a party who paid for it instead of ordering the transcript from the court reporter is unethical.

Any party may object to this nondispositive order, but must do so within 14 days. Fed. R. Civ. P. 72(a).

IT IS SO ORDERED.

Date:  August 13, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge