THOMAS F. BERTRAND, State Bar No. 056560
RICHARD W. OSMAN, State Bar No. 167993
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email: rosman@bfesf.com

Attorneys for Defendant Sonoma County
Sheriff Steve Freitas in his personal capacity

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MATEOS-SANDOVAL and SIMEON AVENDANO RUIZ, individually and as class representatives,<br><br>         Plaintiffs,<br><br>   v.<br><br>COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S DEPARTMENT, STEVE FREITAS, CITY OF SANTA ROSA, SANTA ROSA POLICE DEPARTMENT, TOM SCHWEDHELM, and DOES 1 through 20, individually and in their official capacities,<br><br>         Defendants. | Case No. CV-11-05817 TEH (NC)<br><br>**JOINT STIPULATION TO (1) SET BRIEFING AND HEARING SCHEDULE ON MOTIONS FOR SUMMARY ADJUDICATION, AND (2) RESCHEDULE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER**<br><br>CMC Date:  September 8, 2014<br>CMC Time: 1:30 p.m.<br>Courtroom:  19 |

TO THE HON. THELTON E. HENDERSON, UNITED STATES DISTRICT COURT JUDGE:

This Joint Stipulation to (1) Set Briefing and Hearing Schedule on Motions for Summary Adjudication, and (2) Reschedule Case Management Conference is submitted by the following parties in this action: Plaintiffs Rafael Mateos-Sandoval and Simeon Avendano Ruiz (collectively, "Plaintiffs"); Defendant Sonoma County Sheriff Steve Freitas sued in his personal capacity only ("Sheriff Freitas"); and Defendants the City of Santa Rosa, Santa Rosa Police Department, and Santa

Joint Stipulation to (1) Set Briefing and Hearing Schedule on Motions for Summary Adjudication,
and (2) Reschedule Case Management Conference; [Proposed] Order
*Mateos-Sandoval, et al. v. County of Sonoma, et al.,* U.S.D.C. No. cv-11-05817 TEH (NC)
1

Rosa Police Chief Tom Schwedhelm (collectively, "City Defendants"). Defendants the County of Sonoma, Sonoma County Sheriff's Office, and Sonoma County Sheriff Steve Freitas sued in his official capacity are not parties to this stipulation, as this action is currently stayed as to all claims against them based on their pending appeal. (See e.g., Dkt. No. 92.)

The parties to this stipulation request the Court to enter an order setting a briefing and hearing schedule on a single issue to be addressed via cross-motions for summary adjudication. The parties further request the Court to reschedule the Case Management Conference currently scheduled to occur on September 8, 2014, to October 20, 2014, at 10:00 a.m., to be held at the same time as the hearing on the cross-motions for summary adjudication. The parties submit that good cause supports their requests, as set forth below.

**RECITALS**

A.      After a discovery hearing conducted by Magistrate Judge Cousins on August 13, 2014, counsel for all parties met to discuss procedural issues and whether a settlement magistrate should be assigned to assist the parties in settlement discussions. During these discussions, Plaintiffs' counsel identified a key legal question that is a threshold issue for anticipated and upcoming motions for class certification and summary adjudication. Specifically, Plaintiffs identify their issue as follows:

> Assuming that the initial seizure and towing of Plaintiffs' vehicles was lawful under both state and federal law, can Defendants justify, under the Fourth Amendment, the warrantless seizures of Plaintiffs' vehicles for the 30-day time period provided in California Vehicle Code § 14602.6?

B.      The parties agree that resolution of Plaintiffs' proposed issue will significantly and materially affect the resolution of Fourth Amendment claims in the case, including putative class issues. Plaintiffs contend the justification for the 30 day impounds of Plaintiffs' vehicles is the same for all vehicles impounded under Cal. Veh. Code § 14602.6. Plaintiffs further contend that, should it be determined that Defendants cannot justify the 30 day impounds of Plaintiffs' vehicles, that failure would apply to all vehicles impounded for 30 days under § 14602.6 regardless of whether Fourth Amendment justification existed for initially seizing and removing the vehicle from the street. At

1 this time, the parties do not believe that there are any disputed material facts that would preclude
2 resolution of the identified issue.

3       C.     Plaintiffs contend that resolving this issue is "outcome determinative." The Court's
4 resolution of this issue will significantly affect the outcome of the case in several ways including,
5 but not limited to, the nature and extent of any classes of plaintiffs that could be certified under
6 FRCP Rule 23. Specifically, the size of the proposed classes will differ greatly depending on
7 resolution of the identified issue, as it begs the following question: do the proposed classes consist of
8 all persons who have had their vehicles impounded by Defendants under Vehicle Code § 14602.6
9 within the statute of limitations period, or do the proposed classes consist of only a small
10 subcategory of such a group?

11       D.     In addition, the parties believe that resolution of the identified issue will enable them
12 to begin conducting meaningful settlement discussions on all claims in the case. Plaintiffs' counsel
13 has indicated that, without resolution of the identified issue, settlement discussions will not likely be
14 fruitful based on the substantial difference in damages implicated by the size of the proposed classes
15 of plaintiffs. The parties have discussed requesting the Court to appoint a magistrate judge as a
16 settlement magistrate in this case; however, it appears that such appointment is premature at this
17 time and should await resolution of the identified issue.

18       E.     The parties agree that the most expeditious and direct method to resolve the identified
19 issue would be through Plaintiffs' filing of a motion for summary adjudication and Defendants'
20 filing of oppositions and cross-motions thereto. Counsel submit that these cross-motions for
21 summary adjudication may be brought before the Court pursuant to FRCP Rule 56(a), as they seek
22 summary adjudication of a portion of Plaintiffs' Fourth Amendment claims against Defendants
23 brought under 42 U.S.C. § 1983.

24       F.     Defendants agree to the proposed summary adjudication process for Plaintiffs' issue
25 identified in Section A, above, *only if* the Court permits them to subsequently file additional
26 summary judgment and/or summary adjudication motions on other issues in the future. If the Court
27 does not consent to this process of resolving multiple motions for summary judgment and/or

28

Joint Stipulation to (1) Set Briefing and Hearing Schedule on Motions for Summary Adjudication,
and (2) Reschedule Case Management Conference; [Proposed] Order
*Mateos-Sandoval, et al. v. County of Sonoma, et al.,* U.S.D.C. No. cv-11-05817 TEH (NC)
3

1  summary adjudication via a staged process, then Defendants withdraw their consent to this request
2  for consideration of this single issue via cross-motions for summary adjudication.

3      G.    Nothing in this stipulation is intended to affect Plaintiffs' proposed class certification
4  motions or to extend the time for the filing thereof.  Further, by entering this stipulation, Defendants
5  do not waive any defenses they may have to Plaintiffs' yet-to-be-filed class certification motion
6  including, but not limited to, their objection to the motion on the grounds that Plaintiffs have
7  unreasonably delayed its filing in violation of FRCP Rule 23 and that such delay has resulted in
8  prejudice to Defendants.

9      H.    A Case Management Conference is set to be held on September 8, 2014, at 1:30 p.m.
10  The parties believe that this conference would be more productive if it were held at the same time as
11  the hearing on the cross-motions for summary adjudication.

12      WHEREFORE, the parties to this stipulation, through their respective counsel of record,
13  hereby agree and request entry of an order as follows:

## **STIPULATION**

15      1.    The parties request the Court to order the following briefing and hearing schedule
16  with respect to the cross-motions for summary adjudication regarding Plaintiffs' issue identified in
17  Section A, above:

18      Plaintiffs' Motion for Summary Adjudication:    September 8, 2014
19      Defendants' Oppositions and Cross-Motions:    September 29, 2014
20      Plaintiffs' Reply:    October 6, 2014
21      Hearing on Motions:    October 20, 2014, at 10:00 a.m.

22      2.    The parties further request the Court to enter an order providing that these cross-
23  motions for summary adjudication may be brought without prejudice to Defendants' ability to file
24  subsequent motions for summary judgment and/or summary adjudication on other issues in the case.

25      3.    The parties request the Court to enter an order rescheduling the upcoming Case
26  Management Conference, currently set for September 8, 2014, to October 20, 2014, at 10:00 a.m., so
27  that it could be held concurrently with the hearing on the cross-motions for summary adjudication.

---

Joint Stipulation to (1) Set Briefing and Hearing Schedule on Motions for Summary Adjudication,
and (2) Reschedule Case Management Conference; [Proposed] Order
*Mateos-Sandoval, et al. v. County of Sonoma, et al.*, U.S.D.C. No. cv-11-05817 TEH (NC)

4

1     4.     Nothing in this Stipulation and request for order is intended to modify the other matters addressed in any Court order unless expressly identified herein, nor does it preclude the parties from seeking additional relief from this Court, to amend this stipulation and order or otherwise.

Respectfully Submitted,

Dated: August 20, 2014           Bertrand, Fox & Elliot

By:  /s/ Richard W. Osman
       Richard W. Osman
       Attorneys for Defendant Sheriff Steve Freitas

Dated: August 20, 2014           Caroline L. Fowler, Santa Rosa City Attorney

By:  /s/ Robert L. Jackson
       Robert L. Jackson, Assistant City Attorney
       Attorneys for City Defendants

Dated: August 20, 2014           Robert Mann & Donald W. Cook, Attorneys at Law

By:  /s/ Donald W. Cook
       Donald W. Cook
       Attorneys for Plaintiffs

**[~~PROPOSED~~] ORDER**

Pursuant to and in accordance with the foregoing Stipulation, and with good cause appearing, IT IS HEREBY ORDERED as follows:

1. The following briefing and hearing schedule is ordered with respect to the cross-motions for summary adjudication regarding Plaintiffs' issue identified in Section A of the Stipulation:

| | |
|---|---|
| Plaintiffs' Motion for Summary Adjudication: | September 8, 2014 |
| Defendants' Oppositions and Cross Motions: | September 29, 2014 |
| Plaintiffs' Reply: | October 6, 2014 |
| Hearing on Motions: | October 20, 2014, at 10:00 a.m. |

2. These cross-motions for summary adjudication may be brought without prejudice to Defendants' ability to file subsequent motions for summary judgment and/or summary adjudication on other issues in the case.

3. The upcoming Case Management Conference, currently set for September 8, 2014, is rescheduled to October 20, 2014, at 10:00 a.m., to be held concurrently with the hearing on the cross-motions for summary adjudication. The parties shall submit a joint case management statement at least one week prior to the Case Management Conference.

**IT IS SO ORDERED.**

Date: 08/21/2014

_____
HONORABLE THELTON E. HENDERSON
United States District Court Judge