UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MATEOS SANDOVAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, et al.,<br><br>Defendants. | Case No. 11-cv-05817-TEH<br><br>**ORDER VACATING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

This matter is scheduled for hearing on October 6, 2014, on Plaintiffs' motion for class certification. However, there is also a hearing scheduled on October 27, 2014, on the parties' cross-motions for partial summary judgment. Because the Court finds that the motions for partial summary judgment should be decided before addressing class certification, the currently pending motion for class certification is VACATED.

**DISCUSSION**

A court must determine whether to certify a class action "[a]t an early practicable time after a person sues . . . as a class representative." Fed. R. Civ. P. 23(c)(1)(A). This language was revised in 2003; the Rule previously required the determination to be made "as soon as practicable after commencement of an action." *Id.* advisory committee's note. The prior language "neither reflect[ed] prevailing practice nor capture[d] the many valid reasons that may justify deferring the initial certification decision," including pre-certification motions for summary judgment. *Ibid.* The Ninth Circuit recognized that even the prior rule was "not absolute": "where it is more practicable to do so and where the parties will not suffer significant prejudice—the district court has discretion to rule on a motion for summary judgment before it decides the certification issue." *Wright v. Schock*, 742 F.2d 541, 543-44 (9th Cir. 1984); *see also Khasin v. Hershey Co.*, 2014 WL 1779805 at *2 (N.D. Cal. May 5, 2014).

1     The Court finds that it is "more practicable" to resolve the pending motions for
2 summary judgment before addressing the motion for class certification. As the parties
3 agreed in their most recent stipulation, "resolution of Plaintiffs' proposed issue will
4 significantly and materially affect the resolution of Fourth Amendment claims in the case,
5 including putative class issues." Joint Stipulation at 2 (Docket No. 178). The fact that the
6 parties agreed on this point indicates that they view the motions for summary judgment as
7 a high priority. And while only Plaintiffs said as much explicitly, the Court agrees that
8 "the size of the proposed classes will differ greatly depending on resolution of the
9 identified issue." *Id.* at 3.

10    Moreover, Defendants have not shown what "significant prejudice" they will suffer
11 by delaying consideration of this motion. Defendants point to two sources of prejudice
12 allegedly caused by the delay: first, that too much time has passed for the relevant
13 individuals to recall the salient events, and second, that the "focus of litigation thus far"
14 has been on the named plaintiffs, and it would be unfair at this point to shift to defending a
15 class action. City Defendants' Opp'n at 10 (Docket No. 190); *see also* Sheriff Freitas's
16 Opp'n at 4 (Docket No. 192). Although the Court agrees that the pace of this litigation
17 must accelerate, Defendants' first argument fails to show why the incremental delay
18 caused by ruling first on the motions for summary judgment will pose an appreciable
19 obstacle to the witnesses' memories and ability to collect evidence.

20    Defendants' second argument is even less persuasive. This case was filed as a class
21 action in 2011, and the parties have repeatedly discussed the litigation in the context of
22 classwide resolution. *See, e.g.*, Class Action Complaint (Docket No. 1). Defendants were
23 on notice from the beginning that a motion for class certification would be filed at some
24 point. While the parties may have "focused" on the named plaintiffs' issues first,
25 Defendants always knew that they may need to defend against a larger class.
26 //
27 //
28 //

Nonetheless, the Court recognizes that this litigation's third anniversary is fast approaching. Evidentiary problems will only increase as further time passes. Accordingly, the parties are instructed to prepare a briefing schedule for a motion for class certification to be included in the case management statement due October 20, 2014.

**CONCLUSION**

For the reasons given above, Plaintiffs' motion for class certification is VACATED. Defendant Sheriff Freitas's motion to strike portions of Plaintiffs' counsel Donald Cook's declaration is VACATED. Parties shall include a briefing schedule for a future motion for class certification in their case management statement, to be addressed at the joint motion hearing and case management conference on October 27, 2014.

**IT IS SO ORDERED.**

Dated: 09/22/2014

_____
THELTON E. HENDERSON
United States District Judge

3