UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAFAEL MATEOS SANDOVAL, et al.,

Plaintiffs,

v.

COUNTY OF SONOMA, et al.,

Defendants.

Case No. 11-cv-05817-TEH

**ORDER RE: HEARING ON CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

The parties shall come prepared to address the following at the October 27, 2014 hearing on the parties' cross-motions for partial summary judgment:

**QUESTION FOR PLAINTIFFS**

1. Given the duration of Plaintiff Ruiz's residency in California, and his lack of a valid California license at the time of impoundment, why did he have any valid interest in possessing his car during the impoundment period?

**QUESTIONS FOR DEFENDANTS**

1. Why aren't the protections of the Fourth Amendment and due process independent? In other words, why would due process cut off the Fourth Amendment, especially in light of decisions such as *Soldal v. Cook County*, 506 U.S. 56 (1992); *United States v. Sullivan*, 753 F.3d 845 (9th Cir. 2014); *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012); and *United States v. Dass*, 849 F.2d 414 (9th Cir. 1988)?

2. Apart from the California Legislature's determination that thirty days was an appropriate period of impoundment, why is that period reasonable? If a driver without a California license is inherently unsafe, why shouldn't his car be taken away indefinitely? Why is it reasonable to return the car after thirty days without having him obtain a license?

3. Law enforcement has other means to protect the public from unsafe drivers, including civil forfeiture and criminal prosecution, but these procedures come with judicial review.  When the other available procedures contain such protections for offenders, why is it reasonable for law enforcement to deprive someone of property without judicial review?

**IT IS SO ORDERED.**

Dated:   10/21/2014

_____
THELTON E. HENDERSON
United States District Judge

2