UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MATEOS SANDOVAL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, et al.,<br><br>Defendants. | Case No. 11-cv-05817-TEH<br><br>**ORDER DENYING DEFENDANTS' MOTION TO CERTIFY COURT'S ORDER FOR INTERLOCUTORY APPEAL** |

Defendants City of Santa Rosa, the Santa Rosa Police Department, and Santa Rosa Police Chief Tom Schwedhelm ("the City Defendants") brought this motion for administrative relief to certify for interlocutory appeal the Court's Order granting partial summary judgment to Plaintiff Simeon Avendano Ruiz ("Ruiz") on the question of whether the thirty-day impoundment of his vehicle was unconstitutional under the Fourth Amendment. After carefully considering the arguments of the parties in the papers submitted, the Court DENIES Defendants' motion, for the reasons set forth below.

**BACKGROUND**

This case concerns the warrantless impoundment of drivers' vehicles for driving without ever having been issued a license under California Vehicle Code section 14602.6, where the drivers were previously licensed in Mexico but never in California. On October 29, 2014, the Court granted in part Plaintiffs' motion for partial summary judgment, holding that the thirty-day impoundment of Plaintiff Ruiz's vehicle without a warrant was unreasonable under the Fourth Amendment. Oct. 29, 2014 Order at 19 (Docket No. 205). The Court found that the City Defendants' justifications, including the authority of the statute, the community caretaking exception to the warrant requirement, and the circumstances of the seizure, were not sufficient to render the thirty-day impoundment of Ruiz's vehicle reasonable. *Id.*

The City Defendants now seek an interlocutory appeal from the portion of the Court's Order granting partial summary judgment to Plaintiff Ruiz on this issue. Mot. at 1 (Docket No. 211).

**LEGAL STANDARD**

A party may bring an interlocutory appeal of a district court's order where the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). "[T]his section [is] to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.3d 1020, 1026 (9th Cir. 1982).

**DISCUSSION**

**I. The Court's Order Involved a Controlling Question of Law**

Under § 1292(b), the first factor the Court must consider is whether the order to be appealed involves "a controlling question of law." 28 U.S.C. § 1292(b). "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.3d at 1026.

There is no dispute that the question at issue here is a controlling question of law; indeed, Ruiz does not argue against this factor. The question is whether the warrantless thirty-day impoundment of Ruiz's vehicle was an unreasonable seizure under the Fourth Amendment. This is one of Plaintiffs' theories of liability, and it is also relevant to the scope of their putative class. In their stipulated request to set the briefing schedule for the cross-motions for partial summary judgment that led to the Order at issue here, the parties identified this as "a key legal question" that "will significantly and materially affect the resolution of Fourth Amendment claims in the case." Aug. 22 Stipulation and Order at 2

(Docket No. 178).  The Court agrees, and finds that this is a controlling question of law for the purposes of § 1292(b).

**II. There are Substantial Grounds for Difference of Opinion on this Question**

The Court also finds that there are substantial grounds for difference of opinion here.  Even where a question is one of first impression, such that courts have not yet answered it in conflicting ways, there can nonetheless be substantial grounds for difference of opinion where the answer could fairly come out the other way.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("[W]hen novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal . . . .").

Here, the question presented to the Court was one of first impression.  Although the parties cited case law in support of their positions, there was no binding precedent on the precise question at issue.  The question called for judgment as to whether the warrantless seizure of Ruiz's vehicle for thirty days was reasonable, under the circumstances of his case, assuming that the initial seizure of his vehicle was permissible.  Oct. 29, 2014 Order at 3.  Given the uncertainty of the law on this question, and the competing individual and public safety concerns, this is a question on which fair-minded jurists could disagree.

Moreover, as the City Defendants point out, other courts have upheld similar seizures in similar circumstances, although under different legal theories.  Most relevantly, in *Alviso v. Sonoma Cnty. Sheriff's Dept.*, 186 Cal. App. 4th 198 (2010), the court upheld the thirty-day impoundments of vehicles for drivers with a revoked or suspended license under the same statute against equal protection and due process challenges, holding that the statute was rationally related to public safety concerns and that the Sheriff's administrative hearings adequately protected the competing interests involved.  186 Cal. App. 4th at 206, 214.  Similarly, in the unpublished decision of *Salazar v. City of Maywood*, 414 F. App'x 73 (9th Cir. 2011), the Ninth Circuit upheld the statute against a due process challenge brought by drivers whose vehicles had been impounded for thirty

3

1  days. *Id.* at 74-75.  Again, while these cases did not answer the precise legal question
2  presented here, they nonetheless show that there are grounds for disagreement regarding
3  the constitutionality and reasonableness of such seizures.

**III. An Interlocutory Appeal Will Not Materially Advance the Litigation**

The final factor that the Court must consider is whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Although "neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation," *Reese*, 643 F.3d at 688, the Court nevertheless concludes that an interlocutory appeal now would not materially advance the litigation.

The City Defendants' primary argument for material advancement is that immediate appellate review will provide certainty on a "key issue in determining liability [and] the breadth of a potential class of plaintiffs to proceed in this action." Mot. at 5.  The City Defendants ignore the fact that an appeal now would almost certainly add multiple years of delay before the Court's resolution of these issues.  Notably, the appeal of the County Defendants' claim of sovereign immunity has been pending since February 8, 2013, and that appeal is scheduled for oral argument on February 12, 2015 – a delay of over two years.  Notice of Appeal at 1 (Docket No. 70); Oral Argument Notice for 9th Cir. No. 13-15250, *available at* http://www.ca9.uscourts.gov/calendar/view.php?caseno=13-15250. The City Defendants provide no reason to think an interlocutory appeal of the Order at issue here would be addressed more quickly.

The City Defendants also argue that the resolution of this issue on appeal would better enable the parties to "explore settlement and resume mediation knowing better the nature and extent of their legal obligations and the strength and weaknesses of their respective positions." Mot. at 5.  While the Court understands that such certainty could benefit these negotiations, any such benefit is outweighed by the delay in the remaining proceedings that would result from an appeal now.

4

Because the Court resolved the question at issue in this motion, the litigation is now moving forward. The individual Defendants have indicated that they plan to file motions for partial summary judgment based on their qualified immunity, after the resolution of which Plaintiffs will move for class certification. Nov. 17, 2014 Stipulation and Order at 3-4 (Docket No. 209). With this plan in place for these remaining matters, the Court concludes that an interlocutory appeal of the Court's Order, with what is likely to be a multiple-year delay, would not materially advance the ultimate termination of this litigation.

**CONCLUSION**

For the reasons set forth above, the City Defendants' motion to certify the Court's October 29, 2014 Order for interlocutory appeal is DENIED.

**IT IS SO ORDERED.**

Dated: 12/10/14

_____
THELTON E. HENDERSON
United States District Judge