UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAFAEL MATEOS SANDOVAL, et al.,

Plaintiffs,

v.

COUNTY OF SONOMA, et al.,

Defendants.

Case No. 11-cv-05817-TEH

**ORDER GRANTING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS IN THE PUBLIC RECORD; DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL; DENYING DEFENDANT'S CROSS-MOTION TO REMOVE DOCUMENTS FROM THE PUBLIC RECORD**

This matter is before the Court on Plaintiff Sandoval's administrative motion to file documents in the public record and related administrative motion to file documents under seal. Docket Nos. 225, 226. These documents relate to Sandoval's opposition to Defendant Sheriff Freitas's motion for summary judgment. *See* Mot. (Docket No. 216); Opp'n (Docket No. 219). For the reasons set forth below, the Court finds that the documents submitted contemporaneously with Plaintiff's opposition should remain in the public record. However, the documents filed contemporaneously with Plaintiff's administrative motions will not be considered and should not be filed, under seal or otherwise. The Court therefore GRANTS IN PART Plaintiff's motion to permit documents to be filed in the public record, DENIES Plaintiff's motion to file documents under seal, and DENIES Defendant's cross-motion to remove documents from the public record.

**BACKGROUND**

On December 15, 2014, Defendant Freitas filed a motion for summary judgment based on his qualified immunity for the remaining claim against him in his personal

1  capacity.  On December 29, Sandoval filed a timely opposition, along with supporting
2  evidence, including deposition testimony of Deputy Eric Smith.  However, one day later,
3  Sandoval filed additional objections to Sheriff Freitas's evidence, and included a portion of
4  an investigative file as an exhibit.  Docket No. 221.  Both the deposition testimony and the
5  investigative file are covered by a Protective Order entered on July 17, 2014, and Sheriff
6  Freitas objected accordingly in his reply.  Reply at 15 (Docket No. 223); Keck Supp. Decl.
7  at 2-3 (Docket No. 223-1); *see also* Protective Order (Docket No. 162).
8     On January 7, 2015, Sandoval filed an administrative motion to file evidence in the
9  public record, as well as an administrative motion to file the evidence under seal for the
10  purposes of considering the former administrative motion.  Rather than limit these
11  administrative motions to those portions of the deposition testimony and investigative file
12  already submitted, however, Sandoval also included additional deposition testimony of
13  Sheriff Freitas and significantly more content from the investigative file in his request.
14  Admin. Mot. at 2.
15  On January 9, Sheriff Freitas responded in opposition to both of the pending
16  administrative motions.  Docket Nos. 227, 228.  Sheriff Freitas also moved to have the
17  documents that were filed in violation of the Protective Order removed from the public
18  record.  Freitas Admin. Opp'n at 4-5 (Docket No. 228).

**DISCUSSION**

There is "a strong presumption in favor of [public] access when deciding whether to seal records." *Apple Inc. v. Pystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).  This strong presumption "applies fully to dispositive pleadings, including motions for summary judgment and related attachments . . . because the resolution of a dispute on the merits . . . is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2004) (quoting *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

A party seeking to file documents under seal "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (internal alteration and citation omitted). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179.

Nevertheless, parties must respect the terms of a protective order. The Court has a Standing Order to address this situation:

> 6. Designating material as "confidential" under a protective order shall not automatically entitle the material to filing under seal. Requests to file material under seal must be narrowly tailored and filed in accordance with Civil Local Rule 79-5. Before seeking to file under seal any material designated as "confidential," counsel shall review the material to make a good faith determination as to whether the material qualifies as sealable as defined in Civil Local Rule 79-5(b). If the filing party has designated the material as "confidential" and counsel determines that the material need not be filed under seal, counsel shall remove the "confidential" designation and file the material in the public record. If the material has been designated as "confidential" by another party and counsel determines that the material need not be filed under seal, counsel shall meet and confer with opposing counsel to attempt to resolve whether the material may be filed in the public record; only after meeting and conferring in good faith should a party file a motion to file any material under seal. The burden of establishing that any material is sealable rests on the party seeking to maintain confidentiality.

Civil Standing Order for the Honorable Thelton E. Henderson at 2.

Needless to say, this process was not followed in this case. It is undisputed that Sandoval publicly filed material that Sheriff Freitas had designated "confidential" in support of his opposition, without meeting and conferring to resolve whether the material could be filed in the public record, and without first filing an administrative motion to file the material under seal. Sandoval therefore violated the terms of the Protective Order, and of this Court's own Standing Orders.

However, Sandoval's violations do not change the fact that the burden rests on Sheriff Freitas to establish that there are compelling reasons to file this material under seal.

3

This he has not done. Merely pointing to the Protective Order is not enough. The Court recognizes that the publicly filed material includes the names of certain officers of the Sonoma County Sheriff's Office, as well as an email summary of the incident at issue in this case. However, Sheriff Freitas has given the Court virtually no justification, much less compelling reasons, to withhold this information from public view. For this reason, the Court will not now order the removal of the evidence from the public record.

Although the Court will not order the removal of this evidence from the public record, neither will the Court consider evidence that was filed late. "The opposition must be filed and served no later than 14 days after the motion was filed," Civil L.R. 7-3(a), which in this case imposed an opposition deadline of December 29, 2014. Sandoval's separately filed objections to evidence, Docket No. 221, were filed on December 30, which was past the filing deadline. Filing these objections as a separate document also violated the requirement that "[a]ny evidentiary or procedural objections must be contained within the brief or memorandum." Civil L.R. 7-3(a). As a result, the Court will not consider the objections, nor the evidence submitted therewith.[1]

Sandoval also filed additional evidence with his administrative motion that he did not file with his opposition, including more pages from the investigative file and deposition testimony of Sheriff Freitas. This evidence was late, under both Local Rule 7-3(a), and Local Rule 7-3(d), which states that, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." The Court will not consider this late-filed evidence.

The Local Rules are not optional. Nor are this Court's Standing Orders. In the future, in order to file information designated "confidential," the parties must abide by the process set out in the Court's Standing Orders and Civil Local Rule 79-5, *before* any such

---

[1] The Court recognizes that "[o]nly admissible evidence may be considered in deciding a motion for summary judgment." *Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 988 (9th Cir. 2006). The Court will independently review the admissibility of all of the evidence submitted, as do other courts in this district when similar circumstances arise. *See, e.g.*, *Hennighan v. Insphere Ins. Solutions, Inc.*, No. 13–cv–00638–WHO, 2014 WL 1600034 at *5-6 (N.D. Cal. Apr. 21, 2014).

4

material is filed in the public record. Failure to follow these rules, or the deadline and filing requirements of the Rules and Standing Orders, may result in the summary exclusion of improperly filed evidence or the imposition of monetary sanctions.

**CONCLUSION**

For the reasons stated above, Plaintiff's administrative motion to permit certain documents to be filed in the public record is GRANTED IN PART as follows: the deposition testimony of Deputy Eric Smith filed as Exhibit D to Cook Decl., Docket No. 219-1, and the pages from the investigative file submitted as Exhibit B to Cook Decl., Docket No. 221, shall remain in the public record. The other documents referred to in Plaintiff's administrative motions shall not be filed in support of Plaintiff's opposition, publicly or otherwise. Plaintiff's administrative motion to file documents under seal is DENIED. Defendant's cross-motion to remove documents from the public record is DENIED.

**IT IS SO ORDERED.**

Dated:   01/12/15                        _____
                                         THELTON E. HENDERSON
                                         United States District Judge