UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MATEOS SANDOVAL, et al., <br><br>Plaintiffs, <br><br>v. <br><br>COUNTY OF SONOMA, et al., <br><br>Defendants. | Case No. 11-cv-05817-TEH <br><br>**ORDER DENYING PLAINTIFF RUIZ'S MOTION FOR CLASS CERTIFICATION** |

This matter came before the Court on February 2, 2015, on Plaintiff Simeon Avendano Ruiz's motion for class certification. The Court has carefully considered the arguments of the parties at the hearing and in the papers submitted, and hereby DENIES Plaintiff's motion, for the reasons set forth below.

**BACKGROUND**

Plaintiff Simeon Avendano Ruiz ("Ruiz") challenges the impoundment of his vehicle for driving without a license. Ruiz had previously been issued a driver's license in Mexico. Ruiz Dep., Ex. A to Jackson Decl. at 19 (Docket No. 195). On September 1, 2011, Ruiz's vehicle was impounded for thirty days under California Vehicle Code section 14602.6, which authorizes the impoundment of the vehicle of a driver who has never been issued a driver's license. Ex. D to Cook Decl. at 32 (Docket No. 187).

In October of 2014, on cross-motions for summary judgment, the Court found that the thirty-day impoundment of Plaintiff Ruiz's vehicle was unreasonable, and therefore violated the Fourth Amendment. October 29, 2014 Order at 19 (Docket No. 205). The Court held that, regardless of the validity of the initial seizure, it was unreasonable to hold Ruiz's car for thirty days under the facts of his case. *Id.*

Ruiz now moves to certify a class of similarly situated individuals against the Santa Rosa City Defendants.

**LEGAL STANDARD**

Class certification is governed by Federal Rule of Civil Procedure 23. Rule 23(a) requires that a party seeking certification demonstrate that:

> 1) the class is so numerous that joinder of all members is impracticable;
> 2) there are questions of law or fact common to the class;
> 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> 4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

While Rule 23(a) does not expressly require a class to be ascertainable, courts have read the rule to imply this additional requirement. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 291, 299 (N.D. Cal. 2010) (abrogated on other grounds by *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 755 n.7 (9th Cir. 2012)).

A party seeking certification must also demonstrate that the suit falls into one of the categories of class actions set out within Rule 23(b). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Subsection (b)(1) allows certification where "prosecuting separate actions . . . would create a risk of: (A) inconsistent or varying adjudications… or (B) adjudications . . . that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications . . . ." Fed. R. Civ. P. 23(b)(1). Subsection (b)(2) applies where the defendant acted or failed to act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate." Fed. R. Civ. P. 23(b)(2). Subsection (b)(3) applies where "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

**DISCUSSION**

The party seeking certification carries the burden of demonstrating that Rule 23 has

been satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* (emphasis in original). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.* (quotation omitted).

As discussed below, Ruiz cannot satisfy any of the first three requirements of Rule 23(a) under his proposed class definition. As a result, the Court does not reach the questions of whether Ruiz also meets the adequacy requirement of Rule 23(a), or the judicially created ascertainability requirement, or whether the proposed class would meet any of the requirements of Rule 23(b).

## I. Ruiz has failed to show numerosity

Plaintiff Ruiz must show that the class is sufficiently numerous that joinder would be impracticable. Fed. R. Civ. P. 23(a)(1). "The ultimate issue in evaluating this factor is whether the class is too large to make joinder practicable, but courts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." *Celano v. Marriott Intern., Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007) (citation omitted). Although plaintiffs do not need to "show the number of potential class members with certainty[,] . . . any common sense inferences that plaintiffs urge the court to make [must] be based upon something other than rank speculation untethered to real facts." *Id.* at 550.

Here, Ruiz has failed to show numerosity because he has given multiple, inconsistent class definitions, such that a determination of the number of members in his proposed class is impossible. Ruiz proposes three different class definitions within his own motion. First, Ruiz proposes a class defined as:

> [P]ersons whose vehicles were seized and impounded without warrants by defendants Santa Rosa and SRPD at any time from two years before commencement of this lawsuit (December 2,

3

> 2011) through the present under the purported authority of Cal. Veh. Code § 14602.6(a)(1) and the Santa Rosa PD Vehicle Towing Policy, where the vehicle's driver was issued a citation for driving without a valid license (Cal. Veh. Code § 12500).

Mot. at 1 (Docket No. 220-1).

However, Ruiz also claims that he "seeks certification of a damages class limited to vehicles impounded for 30 days," although this limitation is not present in his proposed class definition. *Id.*

Just three pages later, in presenting his evidence of numerosity, Ruiz argues that "Class members are defined as owners of vehicles seized without a warrant and pursuant to Cal. Veh. Code § 14602.6," without including either the original limitation that the driver was issued a citation for driving without a valid license under section 12500, or the limitation that the vehicle was impounded for thirty days. *Id.* at 4.

Moreover, *none* of these definitions include the limitation that class members were previously licensed by a foreign jurisdiction, although that has been central to Ruiz's theory of his case.

Ruiz's only evidence of numerosity is deposition testimony from an agent of the Santa Rosa Police Department, who said that 2,816 vehicles were impounded by the Department under California Vehicle Code section 14602.6 between September of 2009 and June of 2014. Ex. A to Reply at 13 (Docket No. 234). However, this number is for *all* impounds under section 14602.6, not just those for driving without ever being issued a valid license. *See id.* Section 14602.6 also authorizes impoundment for driving with a suspended or revoked license, and for driving without an interlock device (a kind of breathalyzer that prevents a car from starting when the driver is intoxicated) after being cited for driving under the influence of alcohol. Cal. Veh. Code § 14602.6.

Ruiz provided no evidence to discern how many of the 2,816 impounds were for driving without ever being issued a license, versus driving with a suspended license or driving without an interlock device. Yet, only the first group is within his proposed class. Based on this evidence, it is impossible to infer, based on anything other than "rank speculation," how many of these 2,816 impounds actually fall within Ruiz's class

4

1 definition. Such impoundments may be a very small fraction of the 2,816, or a large share;
2 the evidence does not say.

3 In his Reply, Ruiz argues for the first time that the other offenses covered by section
4 14602.6 should also be included in the class, because impoundments for those violations
5 would also be unreasonable under the Fourth Amendment. Reply at 1. While a class of
6 2,816 members would certainly be sufficiently numerous, this argument fails for lack of
7 commonality, as discussed in Part II, below.

8 It is also problematic that Ruiz's evidence does not differentiate between
9 impoundments based on duration. At one point, Ruiz claims to be limiting his class
10 definition to owners whose vehicles were impounded for thirty days (although he is
11 inconsistent in this definition, as discussed above). Mot. at 1. Yet, impoundments under
12 section 14602.6 can last less than thirty days. The Santa Rosa Police Department towing
13 policy authorizes the release of a vehicle that was impounded under section 14602.6(a) for
14 seven reasons, including when the vehicle was seized for an offense that does not authorize
15 seizure, or when the driver reinstates or acquires his driver's license. Cook Decl. at 38
16 (Docket No. 180). Ruiz's evidence of numerosity provides no guidance on how many of
17 these impoundments were for a full thirty days, yet he claims that that is part of his class
18 definition.

19 Ruiz does not provide enough evidence to determine whether his proposed class is
20 sufficiently numerous to make joinder impracticable. His shifting class definitions render
21 the scant evidence that he does provide useless. Ruiz therefore fails to satisfy the first
22 requirement of Rule 23(a).

24 **II.     Ruiz has failed to show commonality**

25 Ruiz has also failed to show that "there are questions of law or fact common to the
26 class." Fed. R. Civ. P. 23(a)(2). As the Supreme Court made clear in the *Wal-Mart* case,
27 commonality requires "a common contention . . . that is capable of classwide resolution —

which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 131 S. Ct. at 2551.

The claims in this case regard the reasonableness of vehicle impoundment decisions in light of the community caretaking exception to the warrant requirement. "Whether an impoundment is warranted under this community caretaking doctrine depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft." *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005). "In assessing this question, we must examine whether this seizure is reasonable based on all of the facts presented." *Id.* "'[W]hether a search and seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case.'" *Id.* (quoting *Cooper v. California*, 386 U.S. 58, 59 (1967)).

Courts have held that, where the source of authority for impoundment decisions covers a wide range of circumstances, classes consisting of all owners whose vehicles were impounded under that authority do not have a sufficiently common question. For instance, in *Coleman v. Watt*, 40 F.3d 255 (8th Cir. 1994), the court upheld the trial court's decision not to certify a class of owners whose vehicles were impounded under a court order, because "Judge Watt's order mandates the impoundment of vehicles for a broad range of infractions, including safety, insurance, registration, and criminal offenses." *Id.* at 259. "In light of the widely varying circumstances which might trigger the order's mandatory impoundment provisions, Coleman failed to meet the requirements of commonality and typicality." *Id.*

In *Miranda v. Bonner*, 2012 WL 10972131 (C.D. Cal. Jan. 31, 2012), the court also refused to certify a class for lack of commonality. *Id.* at \*5. Applying *Wal-Mart*, the court held that "other than alleging that they have all suffered from a violation of the same [impoundment] statute, Plaintiffs have not demonstrated that a class-wide proceeding will generate common answers." *Id.* "Similar to the plaintiffs in *Wal-Mart*, the purported class here seeks to sue Defendants about hundreds, if not thousands, of impoundment decisions

6

1 all at once, each of which requires a detailed factual analysis of the reasonableness of the
2 impound." *Id.*

3 Here, the proposed class does not have sufficiently common claims. Ruiz argues
4 that there are three "common questions" for his proposed class:

> 1. Must defendants offer evidence justifying the warrantless vehicle seizures, including the warrantless 30 day impound?
>
> 2. Can defendants justify a 30 day vehicle impound made without a warrant, in order to (a) deter future unlawful driving and/or (b) punish vehicle owners for permitting unlicensed drivers to drive the vehicles?
>
> 3. Are defendants able to justify the 30 day impounds without warrants as reasonable under the Fourth Amendment?

Mot. at 5-6.

The first two questions are not central to the validity of all of the class members' claims, and the third is not capable of classwide resolution. The answer to the first question is likely "yes," because the government has the burden of demonstrating an exception to the warrant requirement; however, simply stating this does not resolve an issue central to the validity of all of the claims, because the validity of each seizure will turn on whether the government has put forward *sufficient* evidence. Similarly, the answer to the second question is likely "no," under *Miranda*, but this also does not resolve an issue central to the claims, because regardless of these motivations, the validity of the seizures will turn on the application of the community caretaking factors. *See Miranda*, 429 F.3d at 865-66. The only question that is central to the validity of all of the class members claims is the third one – whether the warrantless seizures were reasonable. However, answering this question involves an evaluation of the facts of each case, because the seizures being challenged may be supported by the community caretaking doctrine, which depends on the location of the car and the ability of the driver to legally remove it. *Id.* at 864.

Ruiz attempts to create one common question through the combination of the three questions above: if Defendants must offer evidence justifying each impound, but Defendants do not have such evidence other than citations to certain vehicle code sections,

7

then Defendants will be unable to show that any of the class members' impoundments were reasonable, he argues. However, Ruiz has not shown that there is a class of drivers whose vehicles were impounded for whom Santa Rosa's records are insufficient to determine the reasonableness of the impoundments. Ruiz's counsel filed a declaration that the City's impoundment records contain no information related to the community caretaking factors, yet the records clearly contain at least two pieces of relevant evidence: the location of the vehicle, and whether the driver could legally remove it from that location. Ex. G to Cook Decl. at 39 (Docket No. 180). The records also include the names of the drivers, and the City can use this information to check the driver's history. *See* Ex. C. to Jackson Decl. at 53 (Docket No. 230-1). And, as the City explained at oral argument, officers may be able to testify based on their memories of individual cases. The City's police force could, and the City now can, use this information to make somewhat nuanced determinations of the reasonableness of a seizure. Ruiz has failed to show that his questions will lead to common answers that will resolve issues central to the validity of the class members' claims in one stroke.

Ruiz's proposed class suffers another commonality problem. As noted above, Ruiz uses (at least) three different class definitions in his motion. It is unclear whether Ruiz is seeking to certify a class of *all* vehicle owners whose vehicles were impounded under section 14602.6, or only those who were cited for driving without a license, or only those who had previously been licensed in another jurisdiction, or only those whose vehicles were impounded for thirty days. The broader the proposed class, the less common their claims will be. If Ruiz seeks to move forward with a class of *all* owners whose vehicles were impounded under section 14602.6, his class would include owners whose vehicles were impounded for driving with a suspended license, or driving without an interlock device. The reasonableness of an impoundment decision, including the reasonableness of the duration of the impoundment, necessarily depends on the particular violation at issue and the record of the individual driver.

8

The variety of factors that must be considered in applying the community caretaking doctrine, such as the location of the vehicle and the status of the driver, is itself sufficient to defeat commonality. That variety would increase significantly if the case were to expand from plaintiffs like Ruiz (i.e., foreign-licensed drivers), to drivers whose licenses had been revoked for drunk or reckless driving.

Because Fourth Amendment claims such as these turn on the facts of each individual case, and because Ruiz's (multiple) class definitions sweep in a wide range of vehicle offenders with differing factual circumstances, Ruiz has failed to meet the commonality requirement of Rule 23(a)(2).

### III. Ruiz has failed to show typicality

Ruiz has also failed to show that his own claims are typical of the class that he seeks to represent, as required by Rule 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quotation omitted). "The commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co. Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

Where "a major focus of the litigation will be on a defense unique to" the class representative, the representative "fails to satisfy the typicality requirement of Rule 23(a)." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992).

Here, Ruiz has failed to show typicality for the same reasons that he has failed to show commonality: his class definition encompasses drivers whose vehicles were impounded for myriad different reasons under different factual circumstances, so it cannot be said that other class members have the same injury that he does.

However, the Court is not persuaded by the City's argument that Ruiz would be subject to "unique defenses." The City argues that Ruiz's history is unique, for three reasons: a local court had recently upheld a similar impoundment action in another case;

9

Ruiz chose not to present his Mexican driver's license; and Ruiz had repeatedly been cited for driving without a license before. However, other proposed class members may have had similar interactions with officers, or repeated past citations. Moreover, the Court is not inclined to carve out a caveat to its previous holdings based on Ruiz's interactions with state court judges, as the City requests. Ruiz cannot be a typical representative, not because he is uniquely ill-suited, but because the community caretaking analysis requires individualized consideration of each of the proposed class members' seizures. For this reason, as discussed above, the proposed class does not have common claims, and Ruiz cannot meet the typicality requirement of Rule 23(a)(3).

## IV.     The Court does not reach the remaining Rule 23 factors

Because Ruiz fails on each of the first three Rule 23(a) factors, the Court does not consider whether he would serve as an adequate class representative under Rule 23(a)(4), whether the proposed class members are ascertainable, or whether he can satisfy any of the Rule 23(b) requirements.

## CONCLUSION

For the reasons stated above, Plaintiff Ruiz's motion for class certification is DENIED.

**IT IS SO ORDERED.**

Dated:   02/03/15                     _____
                                      THELTON E. HENDERSON
                                      United States District Judge

10