UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAFAEL MATEOS SANDOVAL, et al.,

Plaintiffs,

v.

COUNTY OF SONOMA, et al.,

Defendants.

Case No. 11-cv-05817-TEH

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

This matter is before the Court on Plaintiffs' motion for leave to file a Fourth Amended Complaint ("4AC"). Having carefully considered the arguments of the parties in the papers submitted, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and hereby DENIES Plaintiffs' motion, for the reasons set forth below.

**BACKGROUND**

The Court addresses the relevant background of this long-lived case with brevity. Plaintiffs filed their initial complaint in this action on December 2, 2011, challenging under both state and federal law Defendants' enforcement of California Vehicle Code § 14602.6, which authorizes the impoundment of a vehicle for thirty days under limited circumstances. Plaintiffs twice filed amended complaints pursuant to orders granting in part and denying in part motions to dismiss, and which also granted Plaintiffs leave to amend. July 25, 2013 Order at 15 (Docket No. 104); January 13, 2013 Order at 31 (Docket No. 69-1). In August of 2014, the Court granted Plaintiffs' motion for leave to file a Third Amended Complaint in order to modify the class definition and allegations. August 12, 2014 Order at 6 (Docket No. 172). In that order, the Court advised Plaintiffs that "no further amendment shall be granted absent extraordinary circumstances." *Id.*

Plaintiffs' operative complaint is the Third Amended Class Action Complaint for Damages ("TAC"), filed on August 18, 2014. TAC (Docket No. 176). Since the TAC was filed, the Court granted partial summary judgment to Plaintiff Ruiz on his claim that the extended duration of his vehicle's impoundment violated the Fourth Amendment, but also to the individual Defendants based on their qualified immunity. February 17, 2015 Order at 9-10 (Docket No. 240); October 29, 2014 Order at 20-21 (Docket No. 205). The Court also denied Plaintiff Ruiz's motion for class certification, finding that he failed to prove numerosity, commonality, or typicality, as required by Federal Rule of Civil Procedure 23(a). February 3, 2015 Order at 10 (Docket No. 237). Finally, the United States Court of Appeals for the Ninth Circuit affirmed the Court's denial of the Sonoma County Defendants' motion to dismiss on sovereign immunity grounds, lifting the stay against those Defendants in this Court. *See* Mandate (Docket No. 256).

**LEGAL STANDARD**

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. *See* Fed. R. Civ. P. 15(a). Rule 15 advises the court that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Of these so-called *Foman* factors, prejudice is the weightiest and most important. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a

2

1   *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in

2   original). Nonetheless, "[f]utility alone can justify the denial of a motion for leave to

3   amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003). Moreover, "[t]he district

4   court's discretion to deny leave to amend is particularly broad where plaintiff has

5   previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th

6   Cir. 1990) (citation omitted).

**DISCUSSION**

In class action litigation, the class is defined by the order granting certification. Fed. R. Civ. P. 23(c)(1)(B). There is no rule that the definition of a certified class must exactly match the definition contained in a complaint. *See id.*; *see also Bueche v. Fid. Nat'l Mgmt. Servs., LLC*, No. 12-cv-1114 JAM EFB, 2014 WL 2468601, at *2-3 (E.D. Cal. June 2, 2014). While a party moving for class certification cannot *expand* the class definition, the party can *narrow* the definition used in the complaint. *Compare Bueche*, 2014 WL 2468601, at *2-3 (denying motion to amend complaint on futility grounds where only change was to narrow class definition), *with Berlowitz v. Nob Hill Masonic Mgmt.*, No. C-96-1241 MHP, 1996 WL 724776, at *2 (N.D. Cal. Dec. 6, 1996) (refusing to consider class "beyond the definition provided in the complaint").

Here, as in *Bueche,* "[b]oth parties appear to assume that the definition of the Plaintiff class alleged in the complaint is ultimately binding on the Court. This is an inaccurate assumption." 2014 WL 2468601, at *2. Here, Plaintiffs seek to narrow the class definition, such that it reads as follows:

> A. Sonoma County Class: This Damages Class brought under Rule 23(b)(3) consists of persons whose vehicles were seized and impounded by Sonoma defendants without a warrant and under the purported authority of §14602.6, at any time from December 2, 2009, up through the present, where (a) the vehicle's driver was issued a citation for driving without a valid license (Cal. Veh. Code § 12500), and (b) the driver was not driving on a suspended, revoked or restricted driver's license, or driving while intoxicated. Class damages exclude damages for the initial vehicle seizure and removal from the street. The Class Representative Plaintiff is Plaintiff Sandoval.

3

> B. Santa Rosa Class: This Damages Class brought under Rule 23(b)(3) consists of persons whose vehicles were seized and impounded by the Santa Rosa defendants without a warrant and under the purported authority of §14602.6, at any time from December 2, 2009, up through the present, where (a) the vehicle's driver was issued a citation for driving without a valid license (Cal. Veh. Code § 12500), and (b) the driver was not driving on a suspended, revoked or restricted driver's license, or driving while intoxicated. Class damages exclude damages for the initial vehicle seizure and removal from the street. The Class Representative Plaintiff is Plaintiff Ruiz.

Proposed 4AC at 13-14 (Docket No. 253-1). This is narrower than the definition in the TAC because it adds the limitation that "the driver was not driving on a suspended, revoked, or restricted driver's license, or driving while intoxicated." *Compare id.*, *with* TAC at ¶ 41. Plaintiffs propose the amendment in order to "correct[] deficiencies" that purportedly resulted in the Court denying the previous motion for class certification. Mot. at 3 (Docket No. 249-1).

Amending the complaint for the fourth time merely to narrow the proposed class definition would be futile; such amendment is unnecessary, as the class definition is established, if at all, in the order certifying the class. *Bueche*, 2014 WL 2468601, at *3 ("[T]he Court denies Plaintiffs' motion to amend the SAC, as it would be futile to do so. . . . [T]he Court will rule on class definitions at the time of the Rule 23 class certification hearing.").

Moreover, Plaintiffs have already amended the complaint three times, and the Court previously ordered that no further amendments would be granted in this case "absent extraordinary circumstances." August 12, 2014 Order at 6. The Court's denial of Plaintiff Ruiz's motion for class certification, and the limited additional discovery that has proceeded thereafter, do not constitute the "extraordinary circumstances" that would justify additional amendment.

It is the strong showing of futility and the fact that Plaintiffs have repeatedly amended the complaint already that motivates denying leave to amend now, rather than any showing of prejudice, undue delay, or bad faith. The Court is not persuaded by Defendants' arguments to the contrary on these latter *Foman* factors. If the Court were to

4

grant leave to amend, any prejudice to Defendants would be minimal: they would need to file an amended answer, and the course of litigation would likely be delayed by a few weeks. Defendants would not suffer any prejudice related to class discovery, because the merits of class certification are not presently before the Court.

Nor does the Court find undue delay on Plaintiffs' part here. The Court denied Plaintiff Ruiz's motion for class certification on February 3 of this year. Plaintiffs filed this motion exactly two months later. Notice of Mot. (Docket No. 249). In the interim, the Court ruled on a motion for summary judgment, and the Ninth Circuit issued its mandate on Defendant Sonoma County's interlocutory appeal. Although Plaintiffs could have moved more quickly, given the complicated procedural history of this case and the litigation activity that has occurred since early February, the Court cannot say that Plaintiffs have caused undue delay.

Nor, finally, does the Court find bad faith. Although Defendant Sonoma County argues that Plaintiffs could have obtained the computer search result evidence that they now intend to rely upon at an earlier date, it appears that Plaintiffs did not seek this evidence out of a mistaken belief that they already had sufficient evidence of numerosity in support of their earlier motion for class certification. *See* Exhibit B to Keck Decl. at 2 (Docket No. 255). Being incorrect in this regard does not amount to bad faith.

Nonetheless, Plaintiffs have repeatedly amended their complaint already, the Court previously instructed them that leave would not be granted absent extraordinary circumstances, and amendment would clearly be futile in this case. Plaintiffs' motion for leave to amend the complaint is accordingly DENIED.

**IT IS SO ORDERED.**

Dated: 04/27/15                                  _____
                                                 THELTON E. HENDERSON
                                                 United States District Judge

5