1

**ALICIA ROMAN**, SBN 260101
LAW OFFICE OF ALICIA ROMAN
719 Orchard Street
Santa Rosa, CA 95404
(707) 526-4100 / (707) 573-1094 facsimile
E-Mail: aliciaromanlaw@yahoo.com

2

3

4

5

**ROBERT MANN**, CSB 48293
**DONALD W. COOK**, CSB 116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile
E-Mail: manncook@earthlink.net

6

7

8

9

Attorneys for Plaintiffs

10

11

# UNITED STATES DISTRICT COURT

12

# NORTHERN DISTRICT OF CALIFORNIA

13

14

15

| | |
|---|---|
| RAFAEL MATEOS-SANDOVAL and SIMEON AVENDANO RUIZ, individually and as class representatives, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S DEPARTMENT, STEVE FREITAS, CITY OF SANTA ROSA, SANTA ROSA POLICE DEPARTMENT, TOM SCHWEDHELM, and DOES 1 through 20; individually and in their official capacities, <br><br> Defendants. | Case No. 3:11-cv-5817 TEH (NC) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** <br><br> Date: 6/29/15 <br> Time: 10:00 a.m. <br> Ctrm: 12 (19th Fl.) |

16

17

18

19

20

21

22

23

24

25

26

27

28

00103726.WPD

# TABLE OF CONTENTS

Page

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.  Case Overview And Relief Requested. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  The Proposed Classes Establish Commonality.  . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.  The "Impound Without Warrant" Class. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    B.  The "Foreign License" Sub-Class.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.  Plaintiffs Have Shown Numerosity And Ascertainability.  . . . . . . . . . . . . . . . . 6

    *"Impound Without Warrant" Classes*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    *"Foreign License" Sub-Classes*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.  Plaintiffs Have Shown Typicality. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

V.  The Proposed Classes Satisfy F.R.Cv.P. 23(b).  . . . . . . . . . . . . . . . . . . . . . . . . . 8

    A.  Adjudication Of Plaintiff's Claims Is, As A Practical Matter, Dispositive Of
    Class Members' Claims (Rule 23(b)(1)(B)).  . . . . . . . . . . . . . . . . . . . . . . . . . 8
    B.  Defendants' Justification For The Warrantless Seizures Apply Generally To
    All Class Members (Rule 23(b)(2)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    C.  Proceeding As A Class Action Is The Superior Method For Fairly
    And Efficiently Adjudicating The Claims (Rule 23(b)(3)).  . . . . . . . . . . . . . . . 9

VI.  Plaintiffs Adequately Represent The Class Members' Interests.  . . . . . . . . . . . 10

VII.  Fallacies Defendants May Argue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    A.  "The Court Previously Denied Class Certification."  . . . . . . . . . . . . . . . . 11
    B.  "Damages Cannot Be Ascertained On A Class Basis."  . . . . . . . . . . . . . . 11

VIII.  Conclusion.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

00103726.WPD

1

Table of Authorities

Page(s)

2

3

*Cases*

4

*Chang v. United States*,
     217 F.R.D. 262 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5

6

*Dornberger v. Metropolitan Life Insurance Company*,
     182 F.R.D. 72 (S.D. N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

7

*Hartman v. United Bank Card, Inc.*,
     291 F.R.D. 591 (W.D. Wash. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

8

9

*Hoffman-La Roche Inc. v. Sperling*,
     493 U.S. 165 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

10

*In re Nassau County Strip Search Cases*,
     461 F.3d 219 (2nd Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11

12

*In Re Whirlpool Corp. Front-Loading Washer Productions Liability Lit.*,
     722 F.3d 838 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

13

*In Re: Northern Dist. Of Cal Dalkon Shield Etc.*,
     693 F.2d 847 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

14

15

*International Molders' & Allied Workers' Local 164 v. Nelson*,
     102 F.R.D. 457 (N.D. Cal. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

16

*Jiminez v. Allstate Ins. Co.*,
     765 F.3d 1161 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

17

18

*Lerwill Inflight Motion Pictures, Inc.*,
     582 F. 2d 507 (9th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

19

20

*McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
     672 F.3d 432 (7th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

21

22

*Wells v. Allstate Insurance Co.*,
     210 F.R.D. 1 (D.D.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

23

24

25

**Constitution/Statutes/Rules of Court**

26

Cal. Veh. Code § 12500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

27

Cal. Veh. Code § 14602.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5, 6, 10, 11

28

00103726.WPD

Federal Rules of Civil Procedure 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

Title 42, United States Code § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

U.S. Const., Amend. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3

***Other Authority***

NEWBERG ON CLASS ACTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

## I.  Case Overview And Relief Requested.

This is a proposed class action civil rights case pursuant to 42 U.S.C. § 1983 and state law. Plaintiffs are two individuals. In violation of the Fourth Amendment, Plaintiff Sandoval's vehicle was seized and impounded for 30 days by the Sonoma County Sheriff's Department, while Plaintiff Ruiz's vehicle was similarly seized and impounded for 30 days by the Santa Rosa Police Department. Plaintiffs sue for damages on behalf of themselves and others similarly situated. As to the warrantless seizures and subsequent 30 day impounds, the Court has held that Plaintiffs state damages claims under both federal and state law. 1/31/13 Order 25:9-11 (doc. 69-1) (Sandoval) 13:21-14:19 (Ruiz). Furthermore, as to the 30 day impound of Plaintiff Ruiz's vehicle, the Court ruled the impound violated the Fourth Amendment. 10/29/14 Order 13:17-19:19 (doc. 205).

Plaintiffs now seek class certification. The instant motion differs substantially from the one the Court denied per its February 3, 2015 (doc. 237). In the present motion Plaintiffs submit proposed class definitions that significantly narrow the proposed classes, limiting the classes to the period of the 30 day vehicle impound, *i.e.,* a vehicle's initial seizure and removal from the street is specifically excluded. Further, unlike the earlier motion Plaintiffs seek certification of an even narrower subclass of drivers who, though never licensed in California had been issued a license by a foreign jurisdiction. This would be an opt-in class. Finally, for the elements of ascertainability and numerosity Plaintiffs submit the evidence that the Court found lacking on the earlier class certification motion.

## II.  The Proposed Classes Establish Commonality.

### A.  The "Impound Without Warrant" Class.

Except for the involved police agency, both "Impound Without Warrant" Classes are identical:

00103726.WPD

1
2
3
4
5
6
7
8
9

> All persons whose vehicles were seized and impounded by [either Sonoma Sheriff's or Santa Rosa PD] without a warrant and under the purported authority of §14602.6, at any time from December 2, 2009, up through the present, where (a) the vehicle's driver was issued a citation for driving without a valid license (Cal. Veh. Code § 12500), and (b) the driver was not driving on a suspended, revoked or restricted driver's license, or driving while intoxicated. Class damages exclude damages for the vehicle's *initial* seizure and removal from the street.

10 See Notice of Motion (doc. 265)

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

The above definition reflects Plaintiffs' theory that the 30 day impound, ***as distinguished from a vehicle's <u>initial</u> seizure and removal from the street***, requires Fourth Amendment justification that will *not* turn on the individual circumstances underlying an officer's decision to seize the vehicle and remove it from the street. Plaintiffs contend for any vehicle impounded for 30 days where its driver was similarly situated to Plaintiffs,[1] defendants will offer the same justification for the impound as they have for Plaintiffs' respective 30 day vehicle impound. See arguments advanced by the Santa Rosa defendants, doc. 194 (filed 9/29/14) @ pp. 8-10 (Argues a 30 day impound is *not* a Fourth Amendment issue but rather a due process question); pp. 16-17 (Argues Cal. Veh. Code §14602.6 is not unconstitutional); pp. 17-18 (Argues 30 day impound satisfies community caretaking and is reasonable). For Sonoma County's arguments, see doc. 197 (filed 9/29/14) @ pp. 18-23 (Argues a 30 day impound is *not* a Fourth Amendment issue but rather a due process question); pp. 24-28 (Argues 30 day impound

26
27
28

---

[1] No record of ever having been issued a California license and only non-moving traffic violation alleged is a Cal. Veh. Code §12500 violation (driving without a valid license).

-2-

1    is reasonable under the Fourth Amendment because it furthers legislative interest of

2    preventing unlicensed drivers from driving).

3        It is undisputed that every 30 day vehicle impound is made without a warrant.

4    Further, this Court has ruled that the 30 day impound is a continuing Fourth Amendment

5    seizure that requires Fourth Amendment justification despite the vehicle being initially

6    lawfully seized. 10/29/14 Order 5:20-8:19 (doc. 205). Consequently, for each 30 day

7    vehicle impound defendants will have the burden to justify. 10/29/14 Order 11:18-12:5

8    (doc. 205). It is thus reasonable to conclude defendants will offer the same justification

9    for *every* 30 day vehicle impound where the driver was like one of the Plaintiffs (no

10   record of ever having been issued California license; at time of seizure no moving

11   violation alleged other than driving without a valid license).

12

13       In other words, the class definition is based on common issues that provide the

14   *same* dispositive answer to *all* vehicle owners whose vehicles, impounded per

15   §14602.6(a)(1)'s thirty day impound, were driven by persons similar to a Plaintiff. While

16   it is generally true that the community caretaking doctrine typically turns on the facts and

17   circumstances of each individual seizure, the doctrine appears inapplicable to the 30 day

18   impounds. "Once the vehicle has been removed from the street, or the threat to public

19   safety has been removed, the community caretaking exception no longer justifies the

20   warrantless seizure of property, so long as a licensed driver can take possession of the

21   car." 10/29/14 Order 14:1-3 (doc. 205). Indeed, the Sonoma County defendants have so

22   admitted: "[T]he community caretaking doctrine does not apply to Sandoval's 'continuing

23   retention' claim, as the 30-day impound provision of VC § 14602.6 effects a time-limited

24   dispossession of property already seized, which implicates different interests than the

25   removal of a vehicle from the street scene. [¶] Rather than applying the community

26   caretaking doctrine to such a temporary deprivation, the Fourth Amendment's balancing

27

28

test would weigh the California Legislature's interests in requiring a 30-day impounds against the vehicle owners' temporary deprivation of possession of their property." Doc. 197 (filed 9/29/14) @ 25:15-20.

From the lawsuit's inception defendants' arguments have implicitly conceded the commonality of dispositive issues:

> [E]ffecting a vehicle impound under VC § 14602.6 is also proper as "a valid administrative penalty permitting temporary civil forfeiture for violations of two California crimes: (1) driving without a license, as prohibited by § 12500 and classified as a misdemeanor by §40000.11(b); and (2) knowingly allowing an unlicensed person to drive your car, as prohibited by §14604 and classified as a misdemeanor by § 40000.11(l)." [Citation omitted] The Legislature expressed its intent that VC § 14602.6 impounds and related provisions were to both deter and punish unlawful driving. (See VC § 14607.4(f); see also *Samples*, 146 Cal.App.4th at 808 ("(T)he purpose of section 14602.6 is to punish and deter unlicensed driving.") This purpose, and the required 30-day impoundment, is not at odds with the Fourth Amendment.

Sonoma Motion to Dismiss 16:8-16 (doc. 20 filed 4/16/12 @ 20) (joined in by the Santa Rosa defendants, see doc. 25 filed 4/16/12).

By excluding the question of liability based on a vehicle's initial seizure and storage in the tow yard, the class definitions make irrelevant defendants' justification for the initial vehicle seizure and removal from the street. Hence, the class definitions do not suffer from the commonality defects the Court described in rejecting the class certification Plaintiff Ruiz proposed in his motion filed last year, see 2/3/15 Order 7:3-9:9 (doc. 237).

**B. The "Foreign License" Sub-Class.**

Again, except for the involved law enforcement agency the "Foreign License" Sub-Classes are identically worded:

> All persons whose vehicles were seized and impounded by [either Sonoma Sheriff's or Santa Rosa PD] without a warrant and under the purported authority of §14602.6, at any time from December 2, 2009, up through [December 12, 2012 for Sonoma County; March 22, 2013 for Santa Rosa], where (a) the vehicle's driver was issued a citation for driving without a valid license (Cal. Veh. Code § 12500), (b) the driver was not driving on a suspended, revoked or restricted driver's license, or driving while intoxicated, and (c) the driver, as of the date of the seizure, had been issued a driver's license from any jurisdiction, foreign or domestic. Class damages exclude damages for the vehicle's *initial* seizure and removal from the street.

Because it appears defendants did not customarily maintain records of whether a driver had been issued a license from any jurisdiction, these are opt-in classes..

As with the Impound Without Warrant Classes, the Sub-Classes turn on common issues to all class members that provide the *same* answer for all members. Except for the fact of a foreign license, defendants' records identify class members *and* the merits of their liability claim. Cook decl. ¶¶2-3, 8, 10. By making this an opt-in class, prospective class members can attest whether the vehicle's driver had been issued a foreign license. By excluding the vehicle's initial seizure and instead limiting damages to the impound period, proof of class membership will establish liability in favor of the class members, thereby providing a common answer to liability claims for all class members. Cook decl. ¶¶7, 11 (Under then-existing department policies, defendants limited §14602.6(a)(1)'s

00103726.WPD

"without ever having been issued a driver's license" to a *California* license; a foreign

license was irrelevant); 1/31/13 Order 18:21-19:11 (doc. 69-1) (When a vehicle's driver

has been issued a foreign license, impound under §14602.6(a)(1)'s "without ever having

been issued a driver's license" is not authorized.)

## III. Plaintiffs Have Shown Numerosity And Ascertainability.

Plaintiffs begin with the following undisputed facts:

● Every §14602.6(a)(1) seizure and impound is made without a warrant;

● Every §14602.6(a)(1) seizure and impound is documented on CHP 180 forms

and associated computer data;

● For each §14602.6(a)(1) seizure and impound, the vehicle owner (and driver) is

identified by both paper and computer records defendants created and/or maintain;

● Where, as happened with both Plaintiffs, the vehicle's driver is cited for

violating Cal. Veh. Code §12500 (driving without a valid license) but not cited for

driving on a suspended or revoked license, or driving while intoxicated, that fact

is also noted on the CHP 180 forms defendants created and can be confirmed by

computer records defendants maintain.

Cook decl. ¶¶2, 8, 10, 12 & Exhibit thereto (doc. 265-2).

Using records defendants recently produced pursuant to California's Public

Records Act, Plaintiffs can state with reasonable certainty the number of class members

for each class:

*"Impound Without Warrant" Classes*

From December 2, 2009 (two years before the *Sandoval* was lawsuit was filed)

through October 22, 2014, Sonoma County officials impounded for 30 days pursuant to

§14602.6(a)(1), 1,157 vehicles where the driver was unlicensed but not driving on a

00103726.WPD

suspended or revoked licensed, or driving while intoxicated. Cook decl. ¶8.[2] For Santa Rosa, from December 2, 2009, to June 30, 2014 (but excluding roughly the two months April and May 2011), the number is 1,290. Cook decl. ¶12.

*"Foreign License" Sub-Classes*

In addition to the requirement of a foreign license, vehicles impounded under §14602.6 are limited to impounds occurring before defendants changed their respective tow policies defining "license" for purposes of a §14602.6(a)(1)'s "never been licensed" impound.[3] Though the members in each subclass is necessarily less than the 1,000+ stated above (presumably some of the "never licensed in California" drivers had also never been licensed anywhere) it is reasonable to assume the number is well in excess of that needed for class certification. *See* RUBENSTEIN, NEWBERG ON CLASS ACTIONS §3:12 (5TH ED.) ("a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone"); *International Molders' & Allied Workers' Local 164 v. Nelson*, 102 F.R.D. 457, 461 (N.D. Cal. 1983) ("where the number of class members exceeds forty…, the numerosity requirement will generally be found to be met").

The more significant issue with the subclasses is ascertainability. By definition, the class members are limited to owners of vehicles whose drivers had been issued a foreign license. While Defendants' records probably do not disclose whether a "never been licensed driver" had a foreign license, that fact is immaterial (not least because of

---

[2] Sonoma County may claim that the number could include vehicle seizures by the Windsor police department since that agency happens to use the County's computer system. If made, the claim is without merit because if 1,157 is an overstatement, it is not by much -- Windsor is a very small agency, with 23 officers, whereas the Sonoma Sheriff's Department has over 500.

[3] Sonoma changed its policy on December 12, 2012; Santa Rosa on May 22, 2013. Cook decl. ¶¶7, 11 and Exhibits thereto.

00103726.WPD

defendants' then-existing unlawful policies). Defendants' records include the contact information for vehicle owners and drivers. The Court can thus make the subclasses opt-in classes. The prospective classes members can be contacted and asked to provide the information on whether the vehicle's driver had a foreign license. With the appropriate proof the subclass members will be identified and eligible for compensation for an unlawful impoundment (but not for the initial vehicle seizure and removal from the street). *Cf. Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) (Upholding power of trial court to fashion appropriate notice to prospective class members of wage discrimination claim).

## IV.  Plaintiffs Have Shown Typicality.

In previously denying Plaintiff Ruiz's class certification motion, the Court held he had not shown he was a typical representative "because the community caretaking analysis requires individualized consideration of each of the proposed class members' seizures." 2/3/15 Order 10:5-9 (doc. 237). However, the newly proposed class definitions cure the defect because the definitions eliminate community caretaking as an issue that requires case-by-case determination for each 30 day impound. 10/29/14 Order 14:1-3 (doc. 205); see also Opposition to Summary Adjudication by then-defendant Freitas wherein counsel for Sonoma County defendants conceded community caretaking was inapplicable as justification for a 30 day impound. Doc. 197 (filed 9/29/14) @ 25:15-20.

## V.  The Proposed Classes Satisfy F.R.Cv.P. 23(b).

The proposed classes satisfy the requirements of Rule 23(b)(1), (2) *and* (3).

### A.  Adjudication Of Plaintiff's Claims Is, As A Practical Matter, Dispositive Of Class Members' Claims (Rule 23(b)(1)(B)).

Because all 30 day vehicle impounds at issue were made without a warrant pursuant to the  defendants' respective towing policies with defendants' justification

being the same for each impound, determining the constitutionality of the 30 day impound of each Plaintiff's vehicle determines constitutionality of the impound for every putative class member's vehicle. Rule 23(b)(1)(B) is thus satisfied. *Chang v. United States*, 217 F.R.D. 262, 273 n.5 (D.D.C. 2003).

**B. Defendants' Justification For The Warrantless Seizures Apply Generally To All Class Members (Rule 23(b)(2)).**

Defendants assert the same justification for the warrantless 30 day impound for all class members. Cook decl. ¶¶5-6 (Sonoma justification), ¶11 (Santa Rosa justification); Sonoma 16:8-16 (doc. 20 filed 4/16/12 @ 20) (joined in by the Santa Rosa defendants, see doc. 25 filed 4/16/12); Santa Rosa Memorandum in Opposition to Summary Adjudication,  8:22-10:20, 12:7-15:6 (doc. 194 filed 9/29/14 @ 12-14, 16-19). Rule 23(b)(2) is satisfied. NEWBERG ON CLASS ACTIONS § 25:20 (Rule 23(b)(2) is appropriate if the "party opposing the class has acted or refused to act on grounds generally applicable to the class." "Rule 23(b)(2) was drafted specifically to facilitate relief in civil rights suits.").

**C. Proceeding As A Class Action Is The Superior Method For Fairly And Efficiently Adjudicating The Claims (Rule 23(b)(3)).**

Superiority exists where class certification is the most fair and efficient method of resolving the case. F.R.Cv.P. 23(b)(3). *See, e.g.*, *In re Nassau County Strip Search Cases*, 461 F.3d 219, 226 (2nd Cir. 2006); *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 432, 491 (7th Cir. 2012) (" 'If there are genuinely common issues…accuracy of the resolution of which is unlikely to be enhanced by repeated proceedings, then it makes good sense, especially when the class is large, to resolve those issues in one fell swoop while leaving the remaining, claimant-specific issues to individual follow-on proceedings.' ").

00103726.WPD

The core of this lawsuit are the 30 day vehicle impoundments, ostensibly done to either prevent future unlawful driving and/or as punishment for the vehicle's owner having allowed an unlicensed driver to drive the owner's vehicle. *E.g.,* Sonoma County's Motion to Dismiss, 16:8-16 (doc. 20 filed 4/16/12 @ 25). Consequently, it matters not that the issue comes up in just one case or thirty thousand – the Court is confronted with the same police policy, the same police department practice, and the same justification(s) for the vehicle 30 day impound. For reasons of judicial economy, it is better to resolve the issue in one lawsuit than in many. *See, e.g., Dornberger v. Metropolitan Life Insurance Company*, 182 F.R.D. 72, 77 (S.D. N.Y. 1998) (Rule 23(b)(3) class where insurance policies sold in nine overseas countries without regulatory approval); *Wells v. Allstate Insurance Co.*, 210 F.R.D. 1, 12 (D.D.C. 2002) (Rule 23(b)(3) class certified where common questions predominated in consumer action involving denial of insurance claims).

## VI.  Plaintiffs Adequately Represent The Class Members' Interests.

The warrantless 30 day impound of each Plaintiff's vehicle was typical of those of class members. Defendants had each vehicle impounded for 30 days because Plaintiffs fell within the class of unlicensed drivers under defendants' interpretation of §14602.6. Hence, there is no conflict of interest between the legal interests of the named plaintiffs and those of the proposed class.

Meanwhile, Plaintiffs' counsel is competent to represent the class. *Lerwill Inflight Motion Pictures, Inc.*, 582 F. 2d 507, 512 (9th Cir. 1978); *In Re: Northern Dist. Of Cal Dalkon Shield Etc.*, 693 F.2d 847, 855 (9th Cir. 1982); *see also* Class Representative declarations filed 9/3/14 (doc. 184); 9/1/14 Cook decl. ¶¶14-15 (qualifications of Plaintiffs' counsel).

///

## VII. Fallacies Defendants May Argue.

### A. "The Court Previously Denied Class Certification."

The Court's 2/3/15 Order (doc. 237) Order denying Plaintiff Ruiz's class certification does not bar the present motion. The 2/3/15 Order concerned only Plaintiff Ruiz's motion; Plaintiff Sandoval has *never* had the merits of his class certification motion addressed. See 9/22/14 Order (doc. 193) (for procedural reasons and questions of timing, the Court took Plaintiff Sandoval's class certification motion off calendar).

More significantly, in the present motion by narrowing their class definitions to closely match Plaintiffs' circumstances as to the 30 day impound and impounds made even though the driver had been issued a foreign license, Plaintiffs believe they have corrected the deficiencies the Court found in denying Plaintiff's Ruiz motion. Plaintiffs should be permitted to have this Court's ruling on whether the narrower class definitions warrant class certification. *E.g., Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013) ("[I]t is not uncommon for district courts to permit renewed certification motions that set out a narrower class definition or that rely upon different evidence or legal theories.").

### B. "Damages Cannot Be Ascertained On A Class Basis."

As the proposed class definitions reflect, Plaintiffs are seeking certification of liability classes. This is permissible. *Jiminez v. Allstate Ins. Co.*, 765 F.3d 1161, 1168 (9th Cir. 2014) (citing and quoting with approval the liability-only rationale for class certification described in *In Re Whirlpool Corp. Front-Loading Washer Productions Liability Lit.*, 722 F.3d 838, 850-61 (7th Cir. 2013)).

Defendants may also argue that since not all §14602.6 vehicle impounds result in a vehicle impounded for 30 days (some are held less; some more), damages cannot be calculated for the impound period. If made, the argument is meritless. The beginning date

of each §14602.6(a)(1) vehicle impound is reflected on the CHP 180 forms and computer data. The ending date -- when the vehicle is released to its owner or if not reclaimed, sold at a lien sale -- will also be documented. At a minimum the release date is found on department records and in the records of tow yards that stored the vehicles. Cook decl. ¶¶9, 13 & Exhibit thereto. Because the amounts paid to recover the vehicle are fixed (there is a fixed tow charge, a fixed daily storage charge and a fixed administrative fee), though the amount actually incurred as to each vehicle varies the amount is ascertainable for each impound.

**VIII.  Conclusion.**

For the foregoing reasons, the motion should be granted.

DATED: May 22, 2015

**LAW OFFICE OF ALICIA ROMAN**
**ROBERT MANN & DONALD W. COOK**

By_____
Donald W. Cook
Attorneys for Plaintiffs

00103726.WPD