Thomas F. Bertrand, State Bar No. 056560
Richard W. Osman, State Bar No. 167993
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email: rosman@bfesf.com

Anne L. Keck, State Bar No. 136315
KECK LAW OFFICES
418 B Street, Suite 206
Santa Rosa, California 95401
Telephone: (707) 595-4185
Facsimile: (707) 657-7715
Email: akeck@public-law.org

Attorneys for County Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MATEOS-SANDOVAL and SIMEON AVENDANO RUIZ, individually and as class representatives,<br><br>        Plaintiffs,<br><br>  v.<br><br>COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S DEPARTMENT, STEVE FREITAS, CITY OF SANTA ROSA, SANTA ROSA POLICE DEPARTMENT, TOM SCHWEDHELM, and DOES 1 through 20, individually and in their official capacities,<br><br>        Defendants.<br>_____/ | Case No. CV-11-05817 TEH (NC)<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT; STIPULATED REQUEST FOR ENTRY OF ORDER (1) SETTING BRIEFING AND HEARING SCHEDULE ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT, AND (2) VACATING CASE MANAGEMENT CONFERENCE; [~~PROPOSED~~] ORDER**<br><br>Case Management Conference<br>Date:      December 7, 2015<br>Time:      1:30 p.m.<br>Ctroom:   12, 19th Floor |

This Supplemental Joint Case Management Statement and request for entry of an order is submitted by all named and remaining parties in this action, including: Plaintiffs Rafael Mateos-Sandoval and Simeon Avendano Ruiz (collectively, "Plaintiffs"); Defendants the County of Sonoma, Sonoma County Sheriff's Office, and Sonoma County Sheriff-Coroner Steve Freitas in his official capacity (collectively, "County Defendants"); and the City of Santa Rosa and the Santa Rosa

1  Police Department (collectively, "City Defendants").  As discussed below, the parties request the
2  Court to set a briefing schedule and hearing date on motions for partial summary judgment, and to
3  vacate the Case Management Conference currently set for December 7, 2015.  The parties believe
4  the information provided herein demonstrates good cause for their requests.

5  **1.   STATUS UPDATE SINCE THE FILING OF THE OCTOBER 26th CASE MANAGEMENT STATEMENT**
6

7  On March 30, May 4, July 27, September 2, and October 26, 2015, the parties submitted
8  Joint Case Management Statements in preparation for the Case Management Conference that was
9  ultimately continued to December 7, 2015. (Dkt. Nos. 245, 261, 280, 286, and 290.)  The parties
10 incorporate the statements made in those CMC Statements herein, and provide the status update as
11 set forth below.  At the time of the filing of this statement, the only matter on calendar in this case is
12 the Case Management Conference set for December 7th.

13 Since the filing of their last case management statement, counsel for the parties have
14 negotiated the terms of a proposed stipulation for entry of a final judgment to dispense with the
15 necessity of a trial in this case.  The terms of the stipulation would provide, *inter alia*, for the setting
16 of an amount of compensatory damages for each plaintiff, a waiver of any claim for treble damages
17 under statute, and a dismissal with prejudice of all claims except two: (1) Plaintiffs' request for entry
18 of a judgment on their claims brought under 42 U.S.C. § 1983 based solely on this Court's prior
19 rulings that the 30-day hold of their vehicles in impound under California Vehicle Code § 14602.6
20 violated their Fourth Amendment rights ("Claim #1"); and (2) Plaintiffs' claims that the Court's
21 prior rulings that the 30-day hold of their vehicles in impound under California Vehicle Code §
22 14602.6 violated their Fourth Amendment rights also entitle them to entry of judgment on their
23 identical claims brought under the Bane Act, California Civil Code § 52.1 ("Claim #2").

24 Pursuant to the proposed stipulation, the dismissal of all claims aside from Claims #1 and #2
25 would include dismissal of all federal and state law claims relating to the initial seizures of
26 Plaintiffs' vehicles (as opposed to the 30-day hold of their vehicles) as well as all due process
27 claims.  In addition, the stipulation would expressly allow the parties to appeal any of the Court's

28 Supplemental Joint Case                                2                         U.S.D.C. No. cv-11-05817 TEH (NC)
   Management Statement, *et al.*

1  prior orders entered in the case that are outside the terms of the stipulation, including but not limited
2  to the Court's order denying class certification and its liability rulings on the § 1983 claims.

3  While such a stipulation has not yet been finalized, and Defendants have not yet provided
4  their assent to its proposed terms, counsel believe that the terms of the proposed stipulation are
5  viable and are in the process of obtaining client consent.

6  **2.   REQUEST TO SET BREIFING SCHEDULE AND HEARING DATE ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT**
7

8  The terms of the proposed stipulation as discussed above demonstrate a need for the Court to
9  resolve outstanding legal issues with respect to both of the Plaintiffs' Bane Act claims and Plaintiff
10 Ruiz's *Monell* claim against the City Defendants.  Specifically, while the Court in its previous orders
11 resolved the § 1983 *Monell* claim identified above as Claim #1 against the County Defendants, it did
12 not make a liability finding on Claim #1 under *Monell* against the City Defendants.  Further, the
13 parties continue to dispute whether a finding of liability on Plaintiffs' § 1983 claims (Claim #1) also
14 necessarily entitle Plaintiffs to a finding of liability and statutory damages on their Bane Act claims
15 (Claim #2).

16 At this time, the parties believe that there are no disputed issues of material fact regarding
17 these claims, rendering them appropriate for partial summary judgment motions brought under
18 Federal Rule of Civil Procedure 56.  Further, the parties also believe that the legal issues
19 surrounding these claims are the only remaining hurtles which prevent the parties from stipulating to
20 entry of a final judgment.

21 Accordingly, the parties have agreed and request the Court to consider the claims and issues
22 as set out above pursuant to a motion brought by Plaintiffs for partial summary judgment, to which
23 Defendants may respond by opposition and/or cross-motion. The parties propose the following
24 briefing and hearing schedule on such motions:

25 ///
26 ///
27 ///

28

| Subject | Due Dates |
|---|---|
| Plaintiffs' motion for partial summary judgment | December 14, 2015 |
| Defendants' oppositions and any cross-motions for partial summary judgment | January 11, 2016 |
| Plaintiffs' reply/opposition on motion(s) for partial summary judgment | January 19, 2016 |
| Hearing on motion(s) for partial summary judgment | February 8, 2016, at 10:00 a.m. |

Pursuant to the terms of the proposed stipulation, the Court's decision on the motion(s) for partial summary judgment should permit the parties to request entry of judgment resolving all claims and issues in this case at the trial court level. The parties believe that this proposed process will conserve the resources of the Court and the parties, and will enable this case to reach a final resolution at the trial court level after years of litigation; accordingly, good cause supports the parties' requests herein.

### 3.     REQUEST TO VACATE CASE MANAGEMENT CONFERENCE

The parties believe that the terms of their proposed stipulation outlined above will serve to resolve this case in a timely manner from this point forward. Further, the parties do not believe that a Case Management Conference would assist them in reaching a final resolution of the case at this time.

Accordingly, the parties request the Court to vacate the Case Management Conference currently set for December 7, 2015. The parties also request the Court to refrain from setting a new Case Management Conference date until after resolution of the motion(s) for partial summary judgment, as discussed above, if necessary.

///

///

///

///

///

Supplemental Joint Case Management Statement, *et al.*

4

U.S.D.C. No. cv-11-05817 TEH (NC)

Respectfully submitted,

Dated: November 30, 2015            Keck Law Offices

                                    By:   /s/ Anne L. Keck
                                          Anne L. Keck
                                          Attorneys for County Defendants

Dated: November 30, 2015            Caroline L. Fowler, Santa Rosa City Attorney

                                    By:   /s/ Robert L. Jackson
                                          Robert L. Jackson, Assistant City Attorney
                                          Attorneys for City Defendants

Dated: November 30, 2015            Robert Mann & Donald W. Cook, Attorneys at Law

                                    By:   /s/ Donald W. Cook
                                          Donald W. Cook
                                          Attorneys for Plaintiffs

# [~~PROPOSED~~] ORDER

Pursuant to and in accordance with the foregoing stipulated request, and with good cause appearing,

IT IS HEREBY ORDERED as follows:

1. The claims and issues identified in the parties' stipulated request shall be presented to the Court via Plaintiffs' motion for partial summary judgment under Federal Rule of Civil Procedure 56, which is also subject to cross-motions of the Defendants, based on the following briefing and hearing schedule:

| Subject | Due Dates |
|---|---|
| Plaintiffs' motion for partial summary judgment | December 14, 2015 |
| Defendants' oppositions and any cross-motions for partial summary judgment | January 11, 2016 |
| Plaintiffs' reply/opposition on motion(s) for partial summary judgment | January 19, 2016 |
| Hearing on motion(s) for partial summary judgment | February 8, ~~2106~~ 2016, at 10:00 a.m. |

2. The Case Management Conference currently set for December 7, 2015, is hereby vacated.

**IT IS SO ORDERED.**

Date: 12/01/2015

_____
HONORABLE THELTON E. HENDERSON
United States District Court Judge