UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAFAEL MATEOS SANDOVAL, et al.,

Plaintiffs,

v.

COUNTY OF SONOMA, et al.,

Defendants.

Case No. 11-cv-05817-TEH

**ORDER ON CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

This matter comes before the Court on motions for partial summary judgment on two legal issues. The Court heard oral argument on February 8, 2016. After carefully reviewing the parties' written and oral arguments, for the reasons stated below, the Court now DENIES Plaintiffs' motion and GRANTS Defendants' cross-motion as to both Plaintiffs' Bane Act claims against both Defendants; and GRANTS Plaintiff Ruiz's motion as to the Section 1983 municipal liability claims against the City Defendants.

**BACKGROUND**

The underlying facts of this case are by now familiar to all involved; the following summary provides the relevant context for these motions. Plaintiffs Rafael Mateos-Sandoval ("Mateos-Sandoval") and Simeon Avendano Ruiz ("Ruiz") challenge the impoundment of their vehicles for driving without a license. Both Plaintiffs were previously issued drivers' licenses in Mexico. Ex. D to Keck Decl. at 13 (Docket No. 198); Ex. A to Jackson Decl. at 19 (Docket No. 195). On January 27, 2011, the Sonoma County Sheriff's Office ("County Defendants") seized Mateos-Sandoval's truck and impounded it for thirty days under California Vehicle Code section 14602.6, which authorizes the thirty-day impoundment of the vehicle of a driver who has never been issued a driver's license. Ex. D to Cook MSJ Decl. (Sandoval) at 37 (Docket No. 185-2). On September 1, 2011, Ruiz's vehicle was impounded by the Santa Rosa Police

1  Department ("City Defendants") for thirty days under the same Vehicle Code provision.
2  Ex. D to Cook MSJ Decl. (Ruiz) at 32 (Docket No. 187).

3        The Court previously refrained from addressing whether the seizures of Plaintiffs'
4  vehicles were coercive under California Civil Code § 52.1 (the "Bane Act"), because the
5  issue fell outside of the scope of the cross-motions for summary judgment then before the
6  Court. Oct. 29, 2014 Order at 19-20 (Docket No. 205). However, the Court ruled that the
7  thirty-day impounds of both Plaintiffs' vehicles were unconstitutional Fourth Amendment
8  seizures. *See id.* (Ruiz); July 9, 2015 Order (Mateos-Sandoval) (Docket No. 278). The
9  Court also previously held that Mateos-Sandoval's vehicle was seized pursuant to the
10 policy of Sonoma County, and therefore the County Defendants were liable under 42
11 U.S.C. § 1983 ("Section 1983"). July 9, 2015 Order at 4-8.

12       In the instant motion, Plaintiffs seek summary adjudication on two issues. (Docket
13 No. 295.) First, Plaintiffs contend that the Court's ruling that the thirty-day impoundments
14 were unconstitutional Fourth Amendment seizures establishes, as a matter of law,
15 Defendants' vicarious liability under the Bane Act. Second, Plaintiffs contend that the
16 undisputed evidence establishes the City Defendants' liability under Section 1983, because
17 the impoundment of Ruiz's vehicle was pursuant to Santa Rosa's municipal policy.
18 Defendants oppose and file a cross-motion for partial summary judgment on the Bane Act
19 claims, and the City Defendants oppose Plaintiffs' partial summary judgment motion as to
20 Ruiz's Section 1983 municipal liability claim. (Docket Nos. 296 & 297.)

21

22 **LEGAL STANDARD**

23       Federal Rule of Civil Procedure 56 allows parties to move for summary judgment
24 on claims, defenses, or issues. Fed. R. Civ. P. 56(a). Summary judgment is appropriate if
25 "there is no genuine dispute as to any material fact and the movant is entitled to judgment
26 as a matter of law." *Id.* Material facts are those that may affect the outcome of the case.
27 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact
28 is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the

2

nonmoving party. *Id.* At the summary judgment stage, the court may not weigh the evidence and must view it in the light most favorable to the nonmoving party. *Id.* at 255.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must then "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quotation and citations omitted).

**DISCUSSION**

**I. THE BANE ACT CLAIMS**

**A. The unconstitutionality of the seizures does not, as a matter of law, establish Defendants' liability under the Bane Act.**

California Civil Code § 52.1 (the "Bane Act") creates liability where "a person[1] . . . interferes by threats, intimidation or coercion, or attempts to interfere by threats, intimidation or coercion, with the exercise or enjoyment of rights secured by the Constitution or laws of the United States or the rights secured by the Constitution or laws of this state . . . ." Cal. Civ. Code § 52.1(a). The Bane Act, unlike Section 1983, therefore requires pleading of both a constitutional violation and that the violation was brought about by threats, intimidation, or coercion. There has been some dispute, however, surrounding whether the Bane Act requires a showing of threat or coercion *independent* of any coercion inherent in the constitutional violation itself.

///

---

[1] Plaintiffs submitted supplemental briefing on February 10, 2016 addressing whether Sonoma County, as a public entity, is a "person" for purposes of the Bane Act. (Docket No. 303.) The Court need not reach this issue, however, because the Bane Act claims, whether alleged under a vicarious liability theory or directly, fail as a matter of law, as discussed below.

3

### 1. Independent threats, intimidation or coercion are necessary to prove a Bane Act claim.

In *Venegas v. County of Los Angeles*, the principal California Supreme Court case on the Bane Act, the court held that "plaintiffs need not allege that defendants acted with discriminatory animus or intent, so long as those acts were accompanied by the requisite threats, intimidation, or coercion." 32 Cal. 4th 820, 843 (2004). Moreover, the Court explained that "imposing added limitations on the scope of section 52.1 would appear to be more a legislative concern than a judicial one . . . ." *Id.*

Against this backdrop, the California Court of Appeal decided *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947 (2012). In *Shoyoye*, the plaintiff alleged that he had been wrongly detained in county jail. *Id.* at 950. The county defendant maintained that the plaintiff's initial detention was justified, but acknowledged that it had detained the plaintiff for an extra sixteen days due to a clerical error. *Id.* The *Shoyoye* court held that the Bane Act "requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." *Id.* Because the defendant in *Shoyoye* had not acted deliberately to cause the plaintiff's over-detention and the defendant's coercion was not independent from the coercion inherent in the plaintiff's wrongful detention, the court determined that the plaintiff had not proven the requisite elements of his Bane Act claim. *Id.* at 961-62.

Here, Plaintiffs argue that an independent showing of threats, intimidation, or coercion is not necessary for a Bane Act claim. *See* Pls.' Reply at 1-3 (Docket No. 298). Plaintiffs cite *Venegas*; however, "the only issue the Supreme Court considered [in *Venegas*] was whether [the Bane Act] required a showing that the defendants acted with discriminatory animus." *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015). Thus, *Venegas* is not on all fours with these facts. Plaintiffs also cite other easily distinguishable cases: *Chaudhry v. City of Los Angeles*, 751 F.3d 1096 (9th Cir. 2014)

4

(excessive force claim, not search and seizure[2]); *Cameron v. Craig*, 713 F.3d 1012 (9th Cir. 2013) (same); *Gant v. County of Los Angeles*, 772 F.3d 608 (9th Cir. 2014) (independent coercion existed when police officers pressured arrestee into misrepresenting his height). Plaintiffs contend that the Court's original analysis of Plaintiffs' Bane Act claims, in its July 25, 2013 Order, was correct. Pls.' Reply at 3. There, the Court found that because the seizure of Mateos-Sandoval's vehicle was inherently coercive, Plaintiffs adequately alleged the requisite "coercion" for the Bane Act to survive a motion to dismiss. July 25, 2013 Order at 14 (Docket No. 104).

In footnote 5 of its July 25, 2013 Order, the Court acknowledged that there was a split of authority on the issue of whether a Bane Act claim lies when the alleged threats, intimidation or coercion is inherent to the underlying statutory or constitutional violation. July 25, 2013 Order at 13 n.5. However, on December 4, 2015 – ten days before Plaintiffs filed the instant motion – the Ninth Circuit directly addressed the issue in *Lyall v. City of Los Angeles*, 807 F.3d 1178 (9th Cir. 2015).

*Lyall* was a Section 1983 and Bane Act case concerning the Los Angeles Police Department's warrantless entry and pat-down search of attendees at a private music fundraising event. *Id.* at 1181-84. The trial court instructed the jury that one of the elements Plaintiff must prove to prevail on a Bane Act claim was that "the [police] threats, intimidation or coercion were independent from the acts inherent in the detention and search." *Id.* at 1195. The *Lyall* court held that the instruction was correct.[3] *Id.* The *Lyall* court also distinguished *Venegas*, stating that the California Supreme Court only decided that a plaintiff need not allege that a defendant acted with "discriminatory animus," not what elements the Bane Act requires a plaintiff to prove.

---

[2] The law is notably different when it comes to excessive force Bane Act claims – "[a] Plaintiff bringing a Bane Act excessive force [claim] need not allege a showing of coercion independent from the coercion inherent in the use of force." *Rodriguez v. City of Modesto*, No. 10-CV-1370, 2013 WL 6415620, at *13 (E.D. Cal. Dec. 9, 2013).

[3] In so holding, the Ninth Circuit cited the following California cases as examples: *Allen v. City of Sacramento*, 234 Cal. App. 4th 41 (2015); *Quezada v. City of L.A.*, 222 Cal. App. 4th 993 (2014); and *Shoyoye v. Cnty. of L.A.*, 203 Cal. App. 4th 947 (2012).

1    Accordingly, because the Ninth Circuit has now affirmatively spoken on the issue;
2    this Court must follow *Lyall* in holding that a Bane Act search and seizure claim requires
3    threats, intimidation or coercion separate from the coercion inherent in the search and
4    seizure itself.  Therefore, merely finding that Defendants' actions amounted to an
5    unreasonable seizure and thus violated the Fourth Amendment does not establish, as a
6    matter of law, that Defendants' actions established liability under the Bane Act.  For these
7    reasons, the Court hereby DENIES Plaintiffs' motion for partial summary judgment on the
8    Bane Act claims.

### B. Plaintiffs fail to allege or prove any threats, intimidation or coercion independent from the seizures themselves.

The City Defendants contend that Ruiz alleges only that his vehicle was impounded for thirty days; not any separate act of violence or coercion.  City Defs.' Opp'n at 5 (Docket No. 296).  The County Defendants similarly contend that "the undisputed facts demonstrate [Mateos-Sandoval] cannot show that any county employee interfered with his Fourth Amendment rights through the requisite 'threats, intimidation, or coercion' necessary to satisfy the Bane Act."  County Defs.' Opp'n at 1 (Docket No. 297).

In Reply, Plaintiffs again assert that independent coercion is not required under the Bane Act, but contend that even if independent coercion was necessary, that Plaintiffs have proved it through evidence of the initial seizures.  Pls.' Reply at 3.  This argument logically fails: a prior, temporally distinct seizure could not serve as threats, intimidation or coercion for the refusal to release the vehicles for thirty days.  Furthermore, Plaintiff offers no authority to support this argument.  At oral argument, Plaintiffs' counsel further muddied the distinction between the two seizures by first arguing that the two seizures were part of one "continuing seizure," but then, seemingly realizing that this argument would contradict his prior arguments throughout the history of this litigation,[4] reiterated

---

[4] The Court previously noted that the facts of the initial seizure of Mateos-Sandoval's vehicle "fall within the community caretaking exception;" therefore, the initial seizures were not Fourth Amendment violations.  Feb. 17, 2015 Order at 5 (Docket No. 240). Thus, if the thirty-day impoundments were "continuations" of the original seizures, the

6

the "two separate seizures" theory.

The Court finds that Plaintiffs' have failed to allege – much less prove – any separate threats, intimidation or coercion by either Defendant. The only facts alleged were that the vehicles were improperly seized and taken to the respective impound lots, and that when Plaintiffs' attorneys requested that the vehicles be released, their request was denied. *See* Third Amended Compl. ("TAC") ¶¶ 18, 19, 27, 29 (Docket No. 176). Defendants have therefore demonstrated the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Plaintiffs have failed to identify any evidence of threats, intimidation or coercion independent from the coercion inherent in a Fourth Amendment violation that would preclude summary judgment on this issue. Accordingly, the Court GRANTS Defendants' cross-motion for partial summary judgment on the Bane Act claims.

### C. The Court need not reach the issues of *respondeat superior*, direct liability, or governmental immunities because Defendants are not liable under the Bane Act.

Plaintiffs' initial theory of liability for both Defendants under the Bane Act is that the employees of the County and City were acting within the course of their employment in using coercion, so therefore the entities are liable for the Bane Act violations, under *respondeat superior*. Pls.' Mot. at 4-5 (Docket No. 295); *see Robinson v. Solano Cnty.*, 218 F.3d 1030, 1038 (9th Cir. 2000) ("California … has rejected the *Monell* rule and imposes liability on counties under the doctrine of *respondeat superior*"). The County Defendants contend that the Bane Act claim against the County is barred by three governmental immunities: (1) Cal. Gov. Code § 820.6 ("Good Faith Qualified Immunity"); (2) Cal. Gov. Code § 820.2 ("Discretionary Act Immunity"); and (3) Cal. Gov. Code § 815.2(b) ("Public Entity Immunity"). County Defs.' Opp'n at 15-21. In Plaintiff's Reply, Plaintiffs oppose the assertion of Defendants' purported immunities, (Pls.' Reply at 4, 8-14), but also state that Defendants are also directly liable under Cal. Gov. Code § 815.6,

---

thirty-day impounds may not be unconstitutional at all.

for breach of a mandatory duty. *Id.* at 5-7.  With leave of the Court, Defendants argued through supplemental briefing that Section 815.6 is a separate cause of action, which Plaintiffs have not alleged in the "four-plus years of this litigation," and should not be permitted to assert now in summary judgment briefing; and that the Section is inapplicable to this case for various reasons.  County Defs.' Supp. Brief at 5-7 (Docket No. 300).

In light of the Court's foregoing finding that there were no independent threats, intimidation or coercion to establish either Defendant's liability – directly or vicariously – under the Bane Act, the Court need not reach these issues.  The Bane Act does not apply to the Defendants' actions under these facts; thus, the Court's inquiry is over.

## II.     SECTION 1983 CLAIMS

### A.    The thirty-day impound of Ruiz's vehicle was pursuant to Santa Rosa policy; therefore the City Defendants are liable under Section 1983.

A municipal government entity may be held liable under Section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury.  Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (citation omitted).  Thus, a court's task is to "identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *McMillian v. Monroe Cnty, Ala.*, 520 U.S. 781, 784-85 (1997) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

Plaintiffs contend that the impoundment of Plaintiff Ruiz's vehicle was pursuant to Santa Rosa Towing Policy Section 510.2.3, which authorizes Santa Rosa Police

8

1    Department ("SRPD") officers to impound unlicensed drivers' vehicles, and only
2    authorizes the release of the vehicle if the initial seizure was not in compliance with
3    California Vehicle Code § 14602.6(a)(1), or if any early release factors under §
4    14602.6(d)(1) are met. Pls.' Mot. at 6; Ex. D to Pls.' Mot. The City Defendants make two
5    arguments in opposition. First, the City Defendants incorporate by reference the County
6    Defendants' previous argument that *Monell* liability "cannot and should not attach where
7    the government entities undertook actions required by state statute, namely Vehicle Code §
8    14602.6." City Defs.' Opp'n at 5. Second, the City Defendants incorporate the County
9    Defendants' argument that an entity cannot be liable under *Monell* when "the City was not
10   only complying with a state statute, but was acting pursuant to an order of the Sonoma
11   County Superior Court approving and directing in identical circumstances the very
12   impoundment program in question here." *Id.*
13         The Court has already determined that the "never been licensed" provision in
14   section 14602.6 cannot be interpreted to apply to a driver who received a license in a
15   foreign jurisdiction. Dec. 6, 2012 Order at 18-19 (Docket No. 50). Therefore, the fact that
16   Ruiz's vehicle was held for thirty days, supposedly pursuant to California Vehicle Code
17   section 14602.6, means the violation occurred as a result of the City Defendants' own
18   policy or practice of interpreting California Vehicle Code section 14602.6, rather than the
19   state law itself. Thus, because the Santa Rosa policy authorized the impoundment, the
20   City defendants are liable under Section 1983 pursuant to *Monell*. *Chew v. Gates*, 27 F.3d
21   1432, 1444-45 n.12 (9th Cir. 1994) (policy "need only cause [the] constitutional violation;
22   it need not be unconstitutional per se").
23         The City Defendants' reliance on the Sonoma County Superior Court Order is
24   equally unconvincing for the present motion. The Superior Court's tentative ruling which
25   upheld a factually similar impoundment was previously relevant only to show that the law
26   regarding extended impound periods was not established, for purposes of the individual
27   County Defendants' assertions of qualified immunity. Oct. 29, 2014 Order at 10-11. The
28   remaining City Defendants are entities and therefore cannot invoke qualified immunity as

9

the individual defendants did. *Owen v. City of Independence*, 445 U.S. 622, 638 (1980). Thus, the Superior Court Order cannot be relied upon for any other purpose, as the Court has already determined that the Defendants' interpretation of the Vehicle Code was unreasonable.

Plaintiffs have established that Santa Rosa's policy interpreted the pertinent Vehicle Code section's language "without ever having been issued a driver's license" as including drivers who had been issued licenses by a foreign jurisdiction. Pls.' Mot. at 6; Ex. E to Pls.' Mot.; Ex. F to Pls.' Mot. The Court finds an absence of a genuine issue of fact that the Santa Rosa Police Department had policymaking authority, and, in fact, authored a "Policy Manual" pursuant to which the officers impounded Ruiz's vehicle for thirty days. Ex. D. to Pls.' Mot. City Defendants' arguments in opposition are unconvincing for the reasons stated above, and fail to "identify with reasonable particularity" any evidence precluding summary judgment. *Keenan*, 91 F.3d at 1279.

For these reasons, the Court finds, as a matter of law, that the City Defendants had a policy of applying Vehicle Code § 14602.6 to drivers such as Ruiz who had been issued a license in a foreign jurisdiction, and that the policy was the moving force behind Ruiz's injury. Accordingly, the Court GRANTS Plaintiff's motion for partial summary judgment as to the City Defendants' Section 1983 liability.

///
///
///
///
///
///
///
///
///

**CONCLUSION**

For the reasons stated above, the Court hereby GRANTS partial summary judgment for Defendants as to Plaintiffs' Bane Act claims. Plaintiffs are not entitled to summary adjudication on Bane Act claims simply because the Court ruled that the thirty-day impoundments were unconstitutional; rather, Defendants have demonstrated that there was no independent threat, intimidation or coercion, which the Ninth Circuit has resolved is necessary to prove a Bane Act claim. The Court further GRANTS partial summary judgment for Plaintiff Ruiz as to the City Defendants' Section 1983 municipal liability because the undisputed facts demonstrate that the City Defendants' policy was the moving force behind the violation of Ruiz's constitutional rights.

**IT IS SO ORDERED.**

Dated: 02/16/16   _____
THELTON E. HENDERSON
United States District Judge